OPINION OF THE COURT
Beatrice Shainswit, J.
This is a proceeding revolving around the availability of New York attachment procedures to provide a remedy for an out-of-State mother suing for long-withheld child support from *410 a father hiding in Europe. The father has withheld that support virtually from the moment his duty was fixed by a court of competent jurisdiction in Mexico. Unless enforcement power is sustained here, the child affected will remain deprived of support. This is the scenario:
In 1968 the adult parties entered into a separation agreement in Massachusetts, providing ultimately for $150 a month in child support. Having made the agreement — which was incorporated but not merged in a Mexican divorce decree— defendant promptly fled the country and settled in Paris. From that sanctuary he has paid almost nothing in child support, and has heretofore remained immune from service of process of any kind. The wife, in her domicile in Michigan, has been unable to seek, much less obtain, any effective judicial relief. Over $23,000 in child support arrears have allegedly accumulated in almost 10 years.
At long last, however, the wife has discovered an inheritance by defendant of securities from the estate of his father, now in the hands of New York attorneys and being administered by the New York Surrogate’s Court. The wife has therefore sued here for the child support arrears, and also to increase child support. She obtained an order of attachment in April, 1977, signed by Mr. Justice Martin Evans, which was served upon defendant by registered mail in Paris, pursuant to an order of Mr. Justice Ascione, in August, 1977. Defendant now moves to dismiss the complaint, claiming lack of jurisdiction because both parties are nonresidents and neither the separation agreement nor the divorce judgment was entered into in this State. His position is a tongue-in-check insistence that plaintiff’s only recourse is directly to the Surrogate’s Court, while simultaneously contending that she would have no standing there.
What we have here, therefore, is a father who has left no stone unturned to defeat his responsibilities under the divorce judgment and the separation agreement. No forum can be visualized, other than New York, which can reach the securities that have fortuitously emerged in New York. Any application of any forum non conveniens concept to this record would have a harsh and oppressive rigidity that a court of conscience could not for a moment tolerate. Here the Mexican judgment, and plaintiff’s Michigan domicile, have been stripped of economic significance. Unless plaintiff is afforded redress in New *411 York, it is virtually inevitable that she will achieve no redress anywhere else.
I conclude, under these circumstances, that this court has the power to pursue quasi in rem jurisdiction. To the extent that the exercise of that jurisdiction is discretionary, the court invokes to the fullest that discretion. I am fully mindful of the existence of CPLR 327 and of Silver v Great Amer. Ins. Co. (29 NY2d 356), but the principle therein enunciated has no application to this case, and can scarcely mandate dismissal. In the interests of justice, jurisdiction should be fastened upon assets located here, to achieve some measure of the child support this defendant has withheld for so long.
Shaffer v Heitner does not interdict, but supports, the QUASI IN REM JURISDICTION INVOKED HERE
Although neither party has cited Shaffer v Heitner (433 US 186), it is appropriate to indicate why this court’s instant decision is fully consistent with, and indeed supported by, the latest word from the United States Supreme Court on the subject of quasi in rem jurisdiction.
First of all, the Shaffer opinion carefully excludes from its orbit (p 211, n 37) "the question whether the presence of a defendant’s property in a State is a sufficient basis for jurisdiction when no other forum is available to the plaintiff.” This case does involve such a question, and unmistakably no other forum is available to plaintiff if the court quashes her action here. The court concludes that retention of jurisdiction is singularly warranted. As the 10-year history of unabashed delinquency attests, plaintiff cannot obtain justice elsewhere to enforce the rights embodied in the Mexican decree or the separation agreement.
Second: the Supreme Court recognized that where a duty or debt has been fixed by a court of competent jurisdiction, there is no unfairness, or legal impediment, in allowing that judicially created liability to be enforced wherever the defendant has property, irrespective of whether a State would have has in personam jurisdiction to have determined the existence of the debt or duty as an original matter. The judgment in Mexico, under principles of comity, serves as an adjudication by a court of competent jurisdiction. The rights therein fixed can be enforced in any jurisdiction to the extent of property located in that jurisdiction. Defendant has already had his day *412 in court, and there is no sacrifice of fair play and substantial justice in giving that judgment due recognition. The Mexican decree, again as a matter of comity, is entitled to the same weight as the full faith and credit given to another State’s decree. In such case, where all that is involved is the application of property to satisfaction of an existing judgment, the forum in which the property is located can justifiably function in accordance with its own attachment procedures. (See Shaffer v Heitner, supra, p 210; pp 210-211, n 36.)
Third, defendant is availing himself of the benefits of testate distribution in this State. It is true that the acceptance of these benefits is not a wholesale submission to jurisdiction. Nevertheless it does not offend, but rather reinforces, concepts of fair play and substantial justice, to have the New York inheritance be subject to a New York attachment.
The foregoing considerations in the aggregate afford a truly solid predicate for the exercise of quasi in rem jurisdiction, limited to the assets attached.
The motion challenging quasi in rem jurisdiction is denied. Defendant, if he chooses, can plead as an affirmative defense to the cause of action founded upon the arrears his posture that the court lacks personal jurisdiction to enter any judgment in excess of what may have been attached.
Defendant has also challenged the attachment procedure pursued by plaintiff. However, the court is satisfied that the attachment achieved was consistent with the provisions of the CPLR then operative, and in consequence is unassailable.
ADDITIONAL RULINGS
Turning to the second cause of action, the attempt to increase child support: the court cannot act as a forum for a new proceeding for this purpose. This cause of action, in contrast to the first, does require that the controversy have New York roots: i.e., that the parties reside here, now or in the past, or that the child be present here, or that the matter springs from a New York marriage or adjudication. All these factors being* absent, and lacking in personam jurisdiction to boot, the cause of action to increase child support is dismissed.
Both sides have moved for some species of summary judgment. The court denies summary judgment to each party, because nothing has been presented beyond lawyers’ averments, which cannot serve as a basis for summary judgment.
*413 Defendant’s motion to preclude is denied as moot, since plaintiff has served a bill of particulars in compliance with the demand.