OPINION OF THE COURT
Martin B. Klein, J.
Plaintiff, ex-wife, and defendant, ex-husband, were divorced in Switzerland in 1971. Neither of the parties is a resident of New York State. The parties have two children.
The Swiss court’s divorce decree awarded child support payments to plaintiff. In an effort to recover alleged arrears in child support payments thereunder, plaintiff has secured an *701 order, pursuant to CPLR 6211 (subd [a]), attaching defendant’s real property located in Suffolk County, New York. Plaintiff now moves to confirm the order of attachment, dated January 8, 1980.
CPLR 6201 provides that an order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled to a money judgment against a defendant who is a nondomiciliary residing outside the State. Under this section, attachment is available primarily for jurisdictional reasons (Zeiberg v Robosonics, Inc., 43 Misc 2d 134; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6201.01). If the defendant is a nonresident of New York, then in most cases he will not be subject to in personam jurisdiction and, thus, attachment will be essential to support a quasi in rem action.
Defendant bases his opposition on the contention that the Supreme Court of the United States, in Shaffer v Heitner (433 US 186) and Rush v Savchuk (444 US 320, 48 USLW 4088) has declared unconstitutional assertions of jurisdiction based solely on the attachment of property located within a State. However, because a foreign country divorce decree awarding child support payments is not entitled to recognition in New York State, this court need not reach the question of whether the utilization of postforeign judgment attachment as a basis for jurisdiction in the forum State where the location of real property is the only contact survives the rationale of Shaffer v Heitner (supra).
Under CPLR article 53 (also known as the Uniform Foreign Country Money-Judgments Recognition Act), foreign country money-judgments which are final, conclusive and enforceable where rendered are entitled to recognition and judicial enforcement in New York, unless they provide for a sum of money representing support in matrimonial or family matters (CPLR 5301-5303).
As mentioned above, the divorce decree referred to herein fixes child support. Thus, the divorce decree grants to defendant the type of relief which is, by its terms, not entitled to recognition in New York.
In connection with this point, it is useful to compare another case in this jurisdiction which turned on a similar set of facts. In the case of Rich v Rich (93 Misc 2d 409) the court confirmed an order of attachment in an action to recover arrearages in child support payments accruing under a Mexi *702 can divorce decree. Neither plaintiff nor defendant was a resident of New York. Jurisdiction was acquired by an attachment of defendant’s interest in an inheritance from the estate of his father being administered by the New York Surrogate’s Court. The court, analyzing the case in light of Shaffer v Heitner (supra) concluded that, in view of defendant’s continued evasion of his responsibilities, the conceded validity of the Mexican divorce decree, defendant’s use of the New York laws of testate distribution to his benefit and the unavailability of any other forum to the plaintiff, there was a "truly solid predicate for the exercise of quasi in rem jurisdiction, limited to the assets attached.” (Rich v Rich, 93 Misc 2d, at p 412.)
This court disagrees with the decision in Rich v Rich, inasmuch as it failed to address the issue of recognition of the Mexican divorce decree under CPLR 5301. It is only after the foreign country judgment has been shown to fulfill the statutory requisites set forth by the article on recognition of foreign country money judgments that the question of enforceability of the judgment against properties located in this State can even be addressed (Biel v Boehm, 94 Misc 2d 946). There are no other cases on point in New York State.
Accordingly, plaintiff’s motion to confirm the order of attachment dated January 8, 1980 is denied and said order is hereby vacated.