■ JACQUELINE MANDEL-MANTELLO, Appellant, v ALESSANDRO E. TREVES, Respondent.—Order, Supreme Court, New York County, entered April 7, 1980, denying plaintiff's motion to confirm an order of attachment dated January 8, 1980 and entered on January 14, 1980, and granting defendant's motion to vacate the order of attachment, unanimously reversed, on the law, without costs, and the matter remanded for a hearing on the issue of whether the foreign country divorce decree is modifiable and whether New York should exercise discretion and retain jurisdiction. Plaintiff-appellant, a Swiss citizen, instituted suit in New York to collect child support arrearage allegedly accrued by reason of the terms of a Swiss divorce decree. Appellant obtained an ex parte order attaching defendant's realty in East Hampton, New York. On the motion to confirm the attachment, defendant, a United States citizen, residing in Monaco, argued that his contact with New York was insufficient to subject him to even quasi in rem jurisdiction. The jurisdictional issue was not reached as Special Term grounded denial of the motion to confirm on the misapprehension that support provisions of a foreign country divorce decree are not recognized in New York. But that principle is considerably less sweeping because foreign matrimonial awards are accorded recognition in New York provided they are final and incapable of being modified by the rendering country. (Cf. *Ehrenzweig v Ehrenzweig,* 61 AD2d 1003; *Rich v Rich,* 93 Misc 2d 409.) Hence if the Swiss decree is final and non-modifiable retroactively it can be enforced against defendant's realty interests here. (See *Biel v Boehm,* 94 Misc 2d 946.) Whether the decree is indeed modifiable in Switzerland presents a question not raised below and one on which the record is far too sparse. Since resolution of the Swiss decree's status will determine its enforceability, a hearing to ascertain whether it is modifiable is necessary. The record being incomplete we are disinclined at this time to pass on the issue of *forum non conveniens.* Concur—Ross, J. P., Markewich, Silverman, Bloom and Yesawich, JJ. [103 Misc 2d 700.]