■ In the Matter of GARY W. LAZACHEK, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510-a, subd 4) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice medicine in New York State. ¶ Petitioner received his license to practice medicine in the State of New York on July 1, 1969. A disciplinary proceeding was commenced against petitioner by service upon him of a notice of hearing dated August 18, 1981. A statement of the charges was attached to the notice of hearing. The basis for the first charge that petitioner was practicing his profession fraudulently was the allegation that, while testifying under oath as an expert medical witness,

he stated that he had taken and passed the examination for board certification as an ophthalmologist when he had actually failed the written portion and had never taken the oral portion of that exam. It was also alleged that, on two occasions when he was called to testify as an expert witness, he falsely stated that he was board certified in ophthalmology when in fact at the time of his testimony he was not so certified. Petitioner was also charged with having falsely testified on several occasions as to the hospitals where he stated he was an attending physician and as to the dates of his employment at the hospitals where he had been a staff member. ¶ The second and third charges claimed that petitioner had practiced his profession with gross negligence and/or gross incompetence and negligence and/or incompetence on more than one occasion. It was alleged that, in 1976, he failed to obtain or record an adequate medical history, or to record an adequate ophthalmic examination, of three of his patients. He was also charged with having failed to maintain an adequate record of his treatment and evaluation of these three patients. With regard to one of these patients, he was also charged with prescribing certain drugs without documenting the need for them, and with regard to another of these patients, it was alleged that he considered surgery when none was indicated. ¶ The final charge against petitioner alleged professional misconduct in that it was claimed that his failure to keep adequate records of the above three patients was in violation of 8 NYCRR 29.2 (3), and that his false testimony was evidence of his moral unfitness to practice medicine within the meaning of 8 NYCRR 29.1 (5). ¶ Hearings were held on seven dates between December 9, 1981 and July 15, 1982. At the close of the hearings, the hearing panel made its findings of fact and conclusions of law. Petitioner was found guilty of falsely testifying as to his board certification and as to his hospital affiliations. He was found guilty of gross negligence with respect to one patient and of negligence in his treatment of all three patients. On the basis of these findings, he was also found guilty of professional misconduct. The hearing panel recommended that petitioner's license to practice medicine in New York State be revoked. The Commissioner of Health accepted the panel's findings and recommendations and asked respondent Board of Regents to accept them. The Regents Review Committee unanimously recommended that respondent accept both the Commissioner of Health's and the hearing panel's recommendations. On April 2, 1983, respondent agreed with these recommendations and voted to revoke petitioner's license. This proceeding ensued. ¶ Petitioner argues that, for several reasons, his due process rights were violated during the course of the administrative hearings. An examination of the record, however, reveals that these arguments are without merit. ¶ Petitioner first argues that the findings of the hearing panel should be vacated on the ground that he was not present at most of the hearings. In this regard, although the notice of hearing informing petitioner of the charges against him must state that he "shall appear personally" (see Public Health Law, § 230, subd 10, par [c], cl [3]), this court has specifically determined that due process considerations do not require petitioner to have been present at the hearings (see Matter of Dorsey v Board of Regents, 87 AD2d 728). ¶ At the first hearing session, both petitioner and his counsel were present. However, at the second session, petitioner was not present and his attorney requested an adjournment due to petitioner being ill. Petitioner's counsel failed to substantiate this request and the hearing panel denied the request for an adjournment. By the time of the third hearing, petitioner's counsel had received a report from petitioner's examining physician. Counsel refused, however, to place the entire report before the panel and would only read what he considered "to be the salient points of that document". The panel again declined to adjourn the proceeding on the ground that, on the information given, the degree or specificity of the illness could not be deter-

mined. In sum, petitioner was given notice and an opportunity to be heard and, in reviewing the record, it cannot be said that the panel was not justified in denying petitioner's requests for adjournments. Accordingly, the panel was authorized to proceed in his absence and he was not denied due process on this ground (*id.*). ¶ Next, petitioner claims that he was denied his right to have the hearing opened to the public in that his request that a newspaper reporter be allowed into the hearing was denied. The record, however, clearly indicates that counsel's question as to the admittance of a reporter was hypothetical and that petitioner never attempted to waive his right to a confidential hearing (cf. *Matter of Capoccia,* 59 NY2d 549). In this regard, it should be noted that on two occasions, petitioner's attorney objected to observers being present, stating that these were "confidential hearings". ¶ Contrary to petitioner's assertion, the determination revoking his license is supported by substantial evidence. Moreover, we note that the penalty of revocation of petitioner's license was not so disproportionate to the offenses so as to be shocking to one's sense of fairness (*Matter of Alaimo v Ambach,* 91 AD2d 695, mot for lv to app den 58 NY2d 607). We have examined petitioner's remaining contentions and find them unpersuasive. The determination should, therefore, be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.