■ In the Matter of HARVEY R. MARCUS, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice podiatry in New York.

Respondents determined that petitioner violated Education Law § 6509 (5) (b) by reason of his having been found guilty, in April 1985, of professional misconduct (inappropriately prescribing controlled drugs, practicing as a medical doctor without proper licensure, abusing controlled drugs and failing to abide by conditions of a mandated license probation after testing positive for cocaine use) by the Florida Board of Podiatry. Initially petitioner maintains, unconvincingly in our view, that he was denied due process because he was not notified of the adjourned date when a Regents Review Committee (hereinafter RRC) of respondent New York State Board of Regents was to hear his case.

After admittedly being served with a notice of hearing and the statement of charges, and being made aware that a hearing before the RRC was scheduled to be held August 7, 1986, petitioner retained Louis Marett as counsel. Seeking time to prepare the case, Marett requested an adjournment of the hearing by letter dated July 22, 1986, a copy of which was sent to petitioner. That request was granted and notice of the date of the adjourned hearing was sent on August 7, 1986 by certified mail to Marett and to petitioner at petitioner's registered address *(see,* Education Law § 6502 [5]; 8 NYCRR 59.8 [c], [f]). The letter to Marett was acknowledged as received. Despite three attempted deliveries over a 15-day period to

petitioner, however, the United States Postal Service returned the letter sent to petitioner marked "unclaimed". On the morning of the adjourned hearing, Marett contacted the RRC to inform it that petitioner had not returned his telephone calls and refused to accept his mail and that, under such circumstances, he could no longer represent petitioner. The RRC proceeded with the hearing in petitioner's absence and recommended revocation of his license to practice podiatry in New York. That determination, subsequently adopted by respondent Commissioner of Education, prompted petitioner to commence this proceeding.

Due process does not require petitioner's presence at the hearing *(see, Matter of Lazachek v Board of Regents,* 101 AD2d 639, 640), but only that he have received " 'notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and * * * an opportunity to present [his] objections' " *(Silverstein v Minkin,* 49 NY2d 260, 263, quoting *Mullane v Central Hanover Trust Co.,* 339 US 306, 314). That occurred here. First, notice was sent to and received by petitioner's attorney of record, Marett *(see, People ex rel. Knowles v Smith,* 54 NY2d 259, 266). Although petitioner claims that he "fired" Marett sometime prior to the RRC hearing, it is curious, to say the least, that he failed to advise the RRC to that effect. In any event, petitioner's dereliction in this regard hardly furnishes cause for charging respondents with any due process violation. Second, notice was sent to petitioner at his registered address, which he must keep current pursuant to Education Law § 6502 (5) and 8 NYCRR 59.8 (c) and (f), particularly when charges of misconduct are pending *(see, Matter of Stern v Ambach,* 128 AD2d 232, 235-236). Significantly, petitioner verified that he still resided at that address when he commenced this CPLR article 78 proceeding. Thus, it was petitioner's inaction in claiming his mail, not respondent's conduct, which denied him the hearing notice he claims was lacking.

Petitioner's other argument, that the Commissioner's determination must be annulled because the RRC's decision does not set forth factual findings as to why it issued a decision in petitioner's absence *(see,* State Administrative Procedure Act § 307), is equally unconvincing. The particular facts upon which the RRC relied in going forward with the hearing without petitioner are not essential to the decision. The agency is not obliged to document with findings each procedural ruling it makes in arriving at its determination. Furthermore, the facts underlying the substantive basis for the

administrative decision, that Education Law § 6509 (5) (b) requires the revocation of petitioner's license to practice podiatry in New York are not in dispute.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.