■ In the Matter of PETER J. GWISE, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent which found petitioner guilty of professional misconduct in the practice of medicine.

Petitioner, a licensed physician, was charged by the State Board for Professional Medical Conduct (hereinafter State Board) with practicing medicine with negligence and/or incompetence on more than one occasion regarding patients A, B, C and D (first specification) and with practicing medicine with gross negligence and/or gross incompetence regarding patient B (second specification). On June 10 and July 22, 1988, hearings on these charges were held in petitioner's absence. Petitioner claims he received no notice of the charges or of the hearing, and it is admitted that efforts to serve him personally failed and that he was served by certified mail. Prior to the issuance of a decision, however, petitioner successfully moved to reopen the proceedings to defend himself and the hearing was reconvened on January 30, 1989. The Hearing Committee of the State Board (hereinafter Committee) sustained only the charge of negligence and/or incompetence on more than one occasion regarding patients A and D and recommended no penalty due to "the minor nature of the infractions". The Committee noted that all of the incidents regarding the four patients occurred on petitioner's third day of employment at

Mercy Hospital and were due mainly to petitioner's lack of orientation. The Commissioner of Health recommended that the findings, conclusions and recommendations of the Committee be accepted in full. Upon review by the Regents Review Committee, dismissal of the charges was recommended for lack of proof by "a preponderance of the evidence" and due to a failure to orient petitioner as to proper procedures. The Board of Regents accepted the Committee's and the Commission of Health's conclusion, finding petitioner guilty of negligence and/or incompetence on more than one occasion regarding patients A and D, and imposed no penalty. Respondent entered an order based on these findings.

Petitioner initiated this CPLR article 78 proceeding to annul the determination as lacking substantial evidence, violating petitioner's due process rights and because petitioner lacked effective representation by counsel. Initially, we find no merit in petitioner's claim that he was denied his due process right of confrontation because two days of hearings were conducted in his absence *(see, Matter of Marcus v Ambach,* 136 AD2d 778, 779). The notice that was sent and the opportunity that petitioner was afforded to present his objections were adequate to satisfy the due process requirement. Furthermore, we do not find that petitioner was denied effective assistance of counsel *(see, Matter of Sasson v Commissioner of Educ.,* 127 AD2d 875, 876).

Appropriate judicial review of the hearing process, however, requires that substantial evidence in the record supports the determination of petitioner's guilt by a preponderance of the evidence *(see, Matter of Carrera v Sobol,* 163 AD2d 706, 708, *affd on mem below* 77 NY2d 931). It appears from the hearing record that patient A, a 61-year-old female, entered the emergency room of Mercy Hospital with an injury to her ankle sustained as the result of a fall from a ladder. Petitioner ordered an X ray. He decided that the X ray was not remarkable, wrapped the ankle, and was about to discharge the patient with a walker when a nurse suggested that, after speaking with an X-ray technician, there might be problems with the X ray. The nurse took the X ray to a radiologist who agreed with the technician that a fracture was present. An orthopedic surgeon was then called to cast the leg. The doctor who testified for the State Board admitted at the hearing that such a break would be easy to miss and that he did not fault petitioner for doing so. According to the witness, however, petitioner was at fault for not obtaining a second opinion which was fairly easy to obtain in the circumstances. Peti-

tioner admitted missing the fracture on the X ray, but stated that this was a common occurrence for an emergency room doctor, especially one who had received "absolutely no orientation" as to the procedures used at Mercy Hospital. The physician who testified for petitioner found nothing wrong in petitioner's procedures and findings. This witness claimed that the outcome was not adversely affected by petitioner's failure, since the X ray would have been reviewed again on the following day and at that time the patient could have been admitted in order to cast the leg that had been fractured.

Patient D, a 19-year-old female, came to the emergency room with a rash. The Board found that petitioner's treatment deviated from acceptable care because he did not take an adequate history to ascertain the cause of the rash, failed to inform the patient of the side effects of drowsiness from epinephrine, supharine and benadryl, which were the drugs that petitioner prescribed, and petitioner did not provide adequate follow-up care. At petitioner's direction the prescribed drugs were all injected together. The nurse felt uncomfortable administering three different drugs together and petitioner was requested to give the injection himself. The physician testifying for the State Board could not conclude that the medication was excessive. The patient was not harmed by her emergency room care. The physician testifying for petitioner admitted that the administration of epinephrine "was probably a little bit of an overkill", but that its use "is the quickest way" to treat the rash and that the use of this drug was not a deviation from the standard of medical care.

Based on this testimony, there is substantial evidence to support the finding of negligence and/or incompetence regarding patient A, but the evidence does not support such a finding in respect to patient D. Therefore, petitioner cannot be found guilty of "negligence or incompetence on more than one occasion" (Education Law § 6509 [2]; *see, Matter of Yong-Myun Rho v Ambach,* 74 NY2d 318, 321-323). Accordingly, the determination must be annulled.

Mahoney, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is annulled, and petition granted, without costs.