■ JOHN DOE, Appellant, v OFFICE OF PROFESSIONAL MEDICAL CONDUCT OF THE NEW YORK STATE DEPARTMENT OF HEALTH, Respondent.—Order and judgment (one paper), Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 1, 1992, as amended by the supplemental order of the same court, entered July 13, 1992, which, in a proceeding seeking, *inter alia,* a declaration with attendant injunctive relief that all aspects of the professional disciplinary proceedings instituted by defendant Office of Professional Medical Conduct against plaintiff physician are strictly confidential and may not be disclosed to the public unless and until an adverse determination is rendered in such proceedings, and that plaintiff is entitled to a hearing, prior to the hearing on the substantive charges against him, on whether defendant's delay in bringing the charges was unreasonable, granted defendant's motion for summary judgment and denied plaintiff's cross-motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's reliance on *Matter of Johnson Newspaper Corp. v Melino* (77 NY2d 1) for the proposition that disciplinary proceedings against physicians under the Public Health Law are confidential, is misplaced, since, as noted by the IAS Court (citing *In re J.L. [McBarnette],* NYLJ, Feb. 20, 1992, at 23, col 3 [Sup Ct, NY County]), *Johnson* involved a different agency, the Education Department, operating under a different statute and a different policy and tradition from that of the Health Department with respect to the confidentiality of its disciplinary proceedings *(compare,* Public Health Law § 230 [9], *with* Education Law § 6510 [8]). Defendant's policy of maintaining confidentiality while complaints are investigated, but conducting open proceedings once complaints are substantiated and charges are served is rational and in accord with the strong public policy of this State of assuring public access to administrative proceedings *(see, Matter of Herald Co. v Weisenberg,* 59 NY2d 378).

Nor was it error for the IAS Court to grant defendant summary judgment without reaching the issues of whether

plaintiff was entitled to a hearing, in advance of that on the disciplinary charges, on the reasonableness of defendant's delay in bringing the charges, and whether the version of Public Health Law § 230 as it was prior to its 1991 amendment should govern the disciplinary proceeding. Both of those questions can be addressed after a final determination *(see,* Public Health Law § 230-c [5]; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 179; *Matter of Major v Board of Regents,* 160 AD2d 1041, 1044, *lv denied* 76 NY2d 705).

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman and Ross, JJ.