OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with *1052 costs to plaintiff, in accordance with this memorandum and, as so modified, affirmed.
Plaintiff, a physician, seeks an order closing the disciplinary proceedings presently pending against him before defendant Office of Professional Medical Conduct (OPMC) pursuant to Public Health Law. The statute provides for the appointment of Committees on Professional Conduct which are to conduct "disciplinary proceedings” as prescribed in section 230 of that law (see, Public Health Law § 230 [3]-[7]). Section 230 (9) of the Public Health Law provides that these "proceedings” (emphasis added) shall not be subject to discovery. We have interpreted that subdivision, when read in conjunction with the statute as a whole, as mandating confidentiality in physician disciplinary proceedings (see, Matter of John P. v Whalen, 54 NY2d 89, 97; see also, Matter of Lazachek v Board of Regents, 101 AD2d 639, 641, lv denied 63 NY2d 608). Indeed, confidential proceedings had been the long-standing policy until that tradition was reversed by the Department of Health in 1983.
Our construction of the statute is consistent with the general policy that disciplinary proceedings involving licensed professionals remain confidential until finally determined (see, Matter of Johnson Newspaper Corp. v Melino, 77 NY2d 1, 10 [dentist]; Matter of Capoccia, 59 NY2d 549, 553 [attorney]; Matter of Doe v Axelrod, 123 AD2d 21, 30, revd on other grounds 71 NY2d 484 [recognizing that patient as well as physician has an interest in insuring confidentiality]; Matter of Lazachek v Board of Regents, 101 AD2d, at 641, supra [medical doctor]; see also, Matter of Stern v Morgenthau, 62 NY2d 331, 339 [judicial conduct proceedings]).
The policy of confidentiality in such cases, we have said, "serves the purpose of safeguarding information that a potential complainant may regard as private or confidential and thereby removes a possible disincentive to the filing of complaints” and it also "evinces a sensibility to the possibility of irreparable harm to a professional’s reputation resulting from unfounded accusations — a possibility which is enhanced by the more relaxed nature of the procedures and evidentiary rules followed in disciplinary proceedings in which hearsay evidence may be received” (Matter of Johnson Newspaper Corp. v Melino, 77 NY2d, at 10-11, supra). Accordingly, plaintiff’s application to prohibit public disclosure of the charges and proceedings against him should have been granted.
We recognize that there are substantial reasons for a con *1053 trary view favoring open disciplinary proceedings. In our view, however, the Legislature is in the best position to weigh conflicting policy values represented by these two approaches as they affect the various professions and enact consistent provisions for them giving appropriate protection to the interests of the parties and witnesses and the public interest.
We have considered the other issues raised by plaintiff and concur in the Appellate Division’s disposition of them.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order modified, with costs to plaintiff, in accordance with the memorandum herein and, as so modified, affirmed.