■ In the Matter of ROBERT BARRETT et al., Appellants, v MAX MESSER, as Community Superintendent of School District 8, et al., Respondents. [622 NYS2d 266] —Judgment, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 20, 1993, which, in dismissing the underlying CPLR article 78 proceeding, denied, *in toto,* petitioners' application seeking to vacate and to annul the determination by respondent Max Messer, Community Superintendent of School District 8 ("the Superintendent"), not to seek a waiver of the 25% "cap" on those school principals eligible to participate in a retirement incentive benefit; to annul and to vacate the subsequent determination by respondent Teachers' Retirement System ("TRS") to deny petitioners the retirement incentive benefit, and seeking to direct that petitioners be permitted to retire and to receive the retirement incentive, unanimously affirmed, without costs.

The determination of the Superintendent not to seek a waiver of the 25% cap on those school principals eligible to participate in the retirement incentive plan for Community School District 8 was not arbitrary, capricious, discriminatory or in bad faith, because it was supported by a rational basis, the need to safeguard the quality of education and the organization of the school system in the district since the wholesale departure of experienced principals would have an adverse impact on the education of the children of the school district *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230).

The court may not substitute its judgment and discretion for that of the administrative agency since the record reveals that such a waiver, if granted, would have left no less than 16 schools, or 60% of the schools in the district, without a principal, and since the Superintendent, in not seeking the waiver, properly and reasonably concluded, in the exercise of his discretion, that the retirement of 16 out of a total of 27 principals in the district would be totally disruptive to the organization of the school system in Community School District 8 *(Matter of Wirzberger v Watson,* 305 NY 507, 513).

The Chancellor's determination, in denying petitioner Robert Barrett permission to receive the retirement incentive, to premise the seniority ranking for inclusion in the plan on

"excessing seniority", based upon the seniority each applicant had acquired in his or her own license area, is also entitled to great deference since the Legislature delegated the interpretation of seniority ranking to the Chancellor of the Board (L 1991, ch 178, §§ 2, 3 [a]), and since the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, must therefore be upheld *(Matter of Johnson v Joy,* 48 NY2d 689, 691).

The IAS Court also properly determined that petitioners Lopez and Rupp, who allegedly did not file their respective retirement applications during the "open" period in reliance upon the Superintendent's statement that their lower seniority might make them ineligible for the retirement incentive benefit, may not successfully claim that the governmental entities herein are equitably estopped *(Matter of Galanthay v New York State Teachers' Retirement Sys.,* 50 NY2d 984; *Luka v New York City Tr. Auth.,* 100 AD2d 323, *affd* 63 NY2d 667). Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.