■ In the Matter of ALICE M. PIASECKI, Appellant, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK, Respondent. [655 NYS2d 934] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 4, 1996, which denied petitioner's application for a writ of prohibition, unanimously affirmed, without costs.

Petitioner's application for a stay of the scheduled hearing and dismissal of the charges against her filed by respondent was properly denied on the ground that the timeliness of respondent's filing of the charges is a question that should not be judicially reviewed before there has been a final administrative determination adverse to petitioner (*Doe v Office of Professional Med. Conduct*, 188 AD2d 347, 347-348, *mod on other grounds* 81 NY2d 1050; *Matter of Wildman v Axelrod*, 106 AD2d 875). Contrary to petitioner's contention, Public Health Law § 230 (10) does not specify any particular time within which respondent must file its charges such as would entitle a licensee to the prohibition-type relief under paragraph (j). Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.