■ STEPHANIE DOWNS, Respondent, v ELMER YUEN, Appellant. [748 NYS2d 131] —Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered May 17, 2002, awarding plaintiff $10,486,000, plus interest, costs and disbursements, pursuant to an order, same court and Justice, entered May 14, 2002, which, in an action to enforce a Hong Kong judgment rendered in a divorce action awarding plaintiff a lump sum in the principal amount of $10 million, inter alia, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

Even if the subject judgment is, at least in part, one "for support" within the meaning of CPLR 5301 (b), and therefore, at least in part, not enforceable under CPLR article 53, the Uniform Foreign Country Money-Judgments Recognition Act, there is no reason why the judgment should not be enforced under general principles of comity (CPLR 5307; *see Mandel-Mantello v Treves*, 79 AD2d 569). The CPLR 5301 (b) exclusion of foreign support awards in matrimonial and family matters "is not designed to preclude recognition, but to acknowledge their unique status and treatment and leave them to existing law, which is * * * quite generous in New York" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5301:2, at 541, *see also* 11 Weinstein-Korn-Miller, NY Civ Prac ¶ 5301.03). Nor are general principles of comity precluded by Family Court Act article 5-B, the Uniform Interstate Family Support Act, absent evidence that Hong Kong is a "State" within the meaning of that act, i.e., has adopted laws

or procedures for enforcement of support orders substantially similar to those under the act (Family Ct Act § 580-101 [19] [ii]). Moreover, by its terms, article 5-B does not preempt other enforcement remedies (Family Ct Act § 580-103; *cf. Haker-Volkening v Haker*, 143 NC App 688, 694-695, 547 SE2d 127, 131, *review denied* 354 NC 217, 554 SE2d 338). We also reject defendant's argument that the subject judgment should not be enforced as a matter of comity because he was denied due process by the Hong Kong court. The question is not whether defendant was denied due process, but whether the Hong Kong judicial system as a whole comports with due process (*see CIBC Mellon Trust Co. v Mora Hotel Corp.*, 296 AD2d 81, 89-90; *Society of Lloyd's v Ashenden*, 233 F3d 473, 476-477). There being ample precedent that it always has, both prior and subsequent to the transfer of sovereignty to China (*see e.g. Kwongyuen Hangkee Co., Ltd. v Starr Fireworks, Inc.*, 634 NW2d 95, 98 [SD]; *Chong v Superior Ct.*, 58 Cal App 4th 1032, 1035, 1038-1039, 68 Cal Rptr 2d 427, 429, 431 [1997]; *Matter of Axona Intl. Credit & Commerce Ltd.*, 88 BR 597, 611 [1988], *affd* 115 BR 442, *appeal dismissed* 924 F2d 31), the burden was on defendant, not plaintiff, initially to offer evidence on that point (*cf. Society of Lloyd's*, 233 F3d at 477; *Lenchyshyn v Pelko Elec.*, 281 AD2d 42, 46). This he failed to do. In any event, were we to review the particular proceedings underlying the subject judgment, we would find that defendant was given ample notice and opportunity to be heard (*see CIBC*, 296 AD2d at 91). Due process does not necessarily require a party's presence at a hearing; nor did it require the Hong Kong court to grant defendant a second adjournment after rejecting his excuses for not being able to proceed that were reflective of his consistent pattern of delay (*see Matter of Lazachek v Board of Regents*, 101 AD2d 639, 640, *lv denied* 63 NY2d 608; *Ungar v Sarafite*, 376 US 575, 589-590).

Defendant's other points are unavailing. Neither the pendency in New Jersey of an action to enforce the same Hong Kong judgment, which, we note was later commenced, nor the denial therein of a motion by plaintiff for summary judgment, has any preclusive effect on this action (*see Matter of McGrath v Gold*, 36 NY2d 406, 412; *Laker Airways v Sabena*, 731 F2d 909, 926-927). Defendant's request to supplement his opposition, made after he retained an attorney, was properly rejected absent an explanation for his delay in obtaining an attorney (CPLR 2004, 2214 [c]). In any event, any error was harmless since the IAS court considered the only new, relevant argument raised in the supplemental papers, namely, that CPLR article 53 does not apply to the subject judgment. Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.