OPINION OF THE COURT
Kibbie F. Payne, J.
This is a CPLR article 78 proceeding wherein petitioner *434 seeks a judgment determining that respondent Office of Professional Medical Conduct, State Board for Professional Medical Conduct of the New York State Department of Health’s (hereinafter respondent) determination to publish, on the Department of Health’s (DOH) official Internet Web site, certain statement of charges dated October 25, 1999 and determination and order dated May 2, 2000, issued in connection with petitioner’s disciplinary proceeding, to be violative of lawful procedure, arbitrary and capricious and an abuse of discretion (CPLR 7803 [3]). Additionally, petitioner seeks an order directing respondent to withdraw such information from its Web site and an award of attorneys’ fees. The petitioner in this case is a physician, who is duly licensed to practice medicine in the State of New York and who has been granted leave by Justice Lucindo Suarez to proceed by a fictitious name.
The respondent is the statutorily authorized disciplinary body charged with handling complaints of medical misconduct in New York State (Public Health Law § 230 [7]; Education Law § 6510). On October 25, 1999, respondent served its “statement of charges” on petitioner alleging five factual specifications of professional misconduct arising out of petitioner’s treatment of a female patient. Petitioner denied all of the charges and a hearing ensued before the hearing committee of the respondent Office of Professional Medical Conduct. The hearing concluded with the dismissal of four of the five specified charges. The remaining specified charge of professional misconduct which was sustained by the committee was the charge that petitioner had failed to maintain a record in connection with the issuance of a prescription for medication to the patient. As a result, respondent imposed a penalty of reprimand (Public Health Law § 230-a [1]) for this one-time technical violation. Subsequent to its final determination, respondent, in accordance with its standard practice, published the statement of charges and determination and order on its Internet Web site. Petitioner, in two written letters dated February 14, 2002 and April 5, 2002, demanded that respondent withdraw the information from its Web site and refrain from making such information public. Petitioner argues that professional disciplinary proceedings are confidential pursuant to Public Health Law § 230 (9) and (10) (a) (v) and that respondent’s publication of all of the charges, including the four charges that were not sustained, is violative of the statutorily mandated confidentiality of the proceeding and impermissibly *435 subjects his professional reputation to irreparable harm. Petitioner also contends that the confidentiality of the proceedings is intended to forbid the release of information pertaining to disciplinary proceedings even upon final determination, where, as here, all but one of the accusations were determined to be unsubstantiated and only a technical violation was found. Alternatively, petitioner requests that if the court should agree with respondent’s construction of Public Health Law § 230 (10) (g), then, in that event, petitioner asks this court to convert this proceeding (CPLR 103) into one for declaratory relief and proceed to declare the subject statute unconstitutional under the Equal Protection Clause of the United States Constitution.
Respondent, on the other hand, maintains its policy is in compliance with Public Health Law § 230 (10) (g), which authorizes public dissemination of the statement of charges and determination and order once the disciplinary proceedings are finally determined. Respondent asserts that its practice of releasing the disciplinary action taken is in accord with the underlying statutory intent and its policy serves to protect the public by disseminating information concerning unprofessional and dangerous physician conduct. Thus, respondent asserts that its action in providing public access to the final results of any disciplinary hearing is neither arbitrary nor capricious and, therefore, entitled to deference by the court.
A look at the controlling statute and a brief summary of DOH’s policy in implementing it is appropriate to a decision in this case. The statute Public Health Law § 230 (10) (g) expressly reads as follows:
“Results of hearing. The committee shall make (1) findings of fact, (2) conclusions concerning the charges sustained or dismissed, and (3) a determination regarding charges sustained or dismissed, and in the event any of the charges have been sustained, of the penalty to be imposed or appropriate action to be taken and the reasons for the determination. For the committee to make a conclusion sustaining a charge, or determining a penalty or the appropriate action to be taken, two members of the committee must vote for such a conclusion or determination. The committee shall issue an order based on its determination. The committee’s findings, conclusions, determinations and order shall become public upon issuance in any case in which annulment, suspension without stay or revocation *436 of licensee’s license is ordered.” (Emphasis supplied).
Confidential medical disciplinary proceedings had been a long-standing policy until that tradition was reversed by the Department of Health in 1983. Then, in June 1993, the Court of Appeals in Doe v Office of Professional Med. Conduct of N.Y. State Dept, of Health (81 NY2d 1050, 1052) held that “consistent with the general policy that disciplinary proceedings involving licensed professionals remain confidential until finally determined,” and granted the plaintiff physician’s application to prohibit public disclosure of the charges during the then pending disciplinary proceeding. The Court went on to say that this policy not only “serves the purpose of safeguarding information that a potential complainant may regard as private or confidential and thereby removes a possible disincentive to the filing of complaints [but], it also evinces a sensibility to the possibility of irreparable harm to a professional’s reputation resulting from unfounded accusations” (id. at 1052 [internal quotation marks omitted]). Thereafter, Public Health Law § 230 (10) (g) was added (L 1996, ch 627, § 4), mandating that in cases where annulment, suspension or revocation of the licensee’s license is ordered, the committee’s findings, conclusions, determinations and orders become public upon issuance. Contrary to the holding in Doe (supra), the Legislature decided it was important to release upon issuance those disciplinary orders which, because of their seriousness, were seen as vital to protecting the public, notwithstanding that they were not final because of the possibility of an administrative appeal.
Additionally, petitioner’s argument lacks persuasiveness because it ignores the provisions of Public Health Law § 2995-a (1) (b) and (2) which require the DOH to maintain “physician profiles.” Under this statute, DOH is authorized to collect information and to “create individual profiles on licensees subject to the authority of the office of professional medical conduct, in a format that shall be available for dissemination to the public: * * * [consisting of] a statement of any action (other than an action that remains confidential) taken against the licensee pursuant to section two hundred thirty of this chapter or any similar action taken by any other state or licensing entity, within the most recent ten years.” (Public Health Law § 2995-a [1] [b].) Subdivision (2) states further that “[n]othing in this section shall limit the department’s authority to collect, require reporting of, publish or otherwise disseminate information about licensees.” As a result, the Legislature has deemed it ap *437 propriate to grant DOH discretionary authority to publish and disseminate information concerning physicians licensed to practice within the state.
Thus, having carefully considered the statute, I conclude nothing in the enactment of paragraph (g) of subdivision (10) of Public Health Law § 230 is indicative of a policy to withdraw from public access disciplinary charges and determinations critical to the public’s making of informed decisions in their choice of physicians. Nor is there any indication that the Legislature intended to define for DOH, in its implementation of the statute, the content and scope of the information to be included in the physicians’ profile. The Legislature is “in the best position to weigh conflicting policy values * * * giving appropriate protection to the interests of the parties and witnesses and the public interest” (Doe, supra at 1053); and, evidently, it has decided to leave the details of implementation up to the DOH. In this instance, the Legislature has delegated rule-making authority to DOH and furnished it with a broad outline within which to operate. Accordingly, I find that the construction given the statute and the implementing regulations by DOH is reasonable and entitled to great weight (Matter of Bates v Toia, 45 NY2d 460, 464; Matter of Levine v Whalen, 39 NY2d 510, 515; Matter of Barrett v Messer, 212 AD2d 383). Therefore, this court will not substitute its judgment for that of the administrative agency. I find further that respondent’s interpretation of the statute is consistent with a general “governmental policy of preserving the confidentiality of information pertaining to disciplinary proceedings until a determination has been reached. The same policy of confidentiality is reflected in analogous statutes pertaining to disciplinary proceedings in the legal profession (see, Judiciary Law § 90 [10]) * * * and to disciplinary hearings conducted by the State Commission on Judicial Conduct (see, Judiciary Law § 44 [4])” (Matter of Johnson Newspaper Corp. v Melino, 77 NY2d 1, 9).
Finally, I find that respondent DOH has applied the statute in a constitutional manner (see generally, Board of Educ. of Belmont Cent. School Dist. v Gootnick, 49 NY2d 683). Consequently, there is no basis to grant the relief requested by petitioner. Accordingly, the application is denied in its entirety and the petition is dismissed.