■ ANNABELLE SARAH BOND, Respondent, v WARREN LICH-TENSTEIN, Appellant. [11 NYS3d 63]—

Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered July 22, 2014, awarding plaintiff the total sum of $599,644.76, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered July 17, 2014, which granted plaintiff's motion for summary judgment in lieu of a complaint, and denied defendant's motion to disqualify plaintiff's attorneys, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Supreme Court properly granted plaintiff summary judgment based on the judgment she obtained from Hong Kong (*see Sung Hwan Co., Ltd. v Rite Aid Corp.*, 7 NY3d 78 [2006]; *Downs v Yuen*, 298 AD2d 177 [1st Dept 2002]). Defendant was accorded due process in the Hong Kong proceeding, which he commenced, and the court had personal jurisdiction over him. The judgment did not violate New York's public policy regarding child support as it recognized both parents' obligation to pay support.

Nor was the judgment procured through fraud (*see Greschler v Greschler*, 51 NY2d 368, 376 [1980]). To the extent defendant raised the issue of the status of certain monies received by plaintiff, the Hong Kong court considered that issue and found it irrelevant. Thus, the court was not defrauded.

Supreme Court also properly denied defendant's disqualification motion. Defendant did not have standing to make the motion because he did not have a prior attorney-client relationship with plaintiff's attorneys (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]). Nor was a conflict of interest presented by the attorneys' representation of plaintiff (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [a] [1]).

We have considered defendant's remaining claims and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.