■ MARIA DE KOSENKO, Respondent, v. ARTHUR BRANDT et al., Appellants. — Order, entered on August 5, 1968, granting plaintiff's motion for leave to amend her complaint by adding a seventh cause of action, unanimously reversed, on the law, with $30 costs and disbursements to defendants-appellants, and motion denied. Plaintiff seeks to add a cause of action in which she asks for treble damages because of an unlawful eviction which occurred in October, 1966. Such cause of action is based upon New York City Local Law No. 49, which was enacted in July, 1967 and which added subdivision j to section Y51–11.0 of the Administrative Code. Local Law No. 49 is penal in nature, and, since no contrary intention is expressed therein, it should not be retroactively applied to an eviction which occurred substantially before it was enacted. (44 N. Y. Jur., Penalties and Forfeitures, § 8, pp. 178–179.) "The general rule is that statutes are to be construed as prospective only * * * It takes a clear expression of the legislative purpose to justify a retroactive application [citing cases]". (*Jacobus* v. *Colgate,* 217 N. Y. 235, 240; *Matter of Container Co.* [Corsi], 298 N. Y. 277.) Concur — Botein, P. J., Stevens, Eager, Steuer and Capozzoli, JJ.

■ In the Matter of LOVE SECURITIES CORP., Respondent, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant, and ROBERT P. ENGELKE et al., Intervenors-Appellants.— Judgment which granted the petition and annulled the City Rent and Rehabilitation Administrator's determination that the apartments were subject to control, is unanimously reversed on the law and the petition dismissed, without costs or disbursements to either of the parties. The Rent Administrator found that the apartments were subject to control and remanded the matter to the District Rent Administrator to establish maximum rents for the apartments. The petition here was brought prior to a determination of the maximum rents. We note at the outset that the filing in 1954 and 1955 of decontrol reports by the landlord did not constitute decontrol orders and the administrator was not bound by the doctrine of *res judicata* to hold that the subject apartments were decontrolled. The reports were but "a mere unilateral declaration and it was not an adjudication of anything." (*Matter of Coyle* v. *Gabel,* 21 N Y 2d 808, 809–810.) Consequently, the administrator was not barred from conducting the present proceedings. However, since the petition was brought prior to the determination of the maximum rents it must be dismissed as being premature. The order of remand by the "State Rent Administrator to the local rent administrator to fix maximum rent did not finally determine the rights of the parties, and * * * whether [the] building is subject to rent control cannot be reviewed under these circumstances until a maximum rent has been fixed." (*Matter of Fiesta Realty Corp.* v. *McGoldrick,* 308 N. Y. 869.) Concur — Botein, P. J., Stevens, Capozzoli, Rabin and McNally, JJ.