■ In the Matter of DAVID R. WESSER, Respondent, v STATE OF NEW YORK, DEPARTMENT OF HEALTH, STATE BOARD OF PROFESSIONAL MEDICAL CONDUCT, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Ryp, J.) entered November 30, 1982 granting petitioner's motion, on renewal and reargument to the extent of directing that the hearing panel be reconstituted, that a new hearing officer be selected, that hearings be held *de novo* and enjoining all parties from ex parte communications with the reconstituted panel and hearing officer except such customarily discussed procedural matters as may be appropriate for the expeditious hearing of the matter, reversed, on the law, without costs, the petition dismissed as premature and the matter referred to the existing panel and hearing officer for further hearing and disposition. Petitioner is a doctor specializing in plastic

surgery. His particular field of expertise is the diagnosis of and performance of surgery involving gender changes. On December 22, 1981 he was charged by respondent with negligence or gross incompetence, or both, in connection with the care of five gender-change patients. The basis for the charges was that he had diagnosed transsexualism and performed the gender-change operations without obtaining an adequate medical history, adequate physical or psychiatric consultations and without having obtained an adequate informed consent. Petitioner denied the charges and alleged that he had relied upon the psychiatric evaluations of a board-certified psychiatrist.[*] Moreover, he contended that he followed the protocol for gender-change operations filed with the board of health by a duly certified hospital. At the initial hearing certain questions arose as to subpoenas issued by petitioner's counsel. These were referred to the Supreme Court which disposed of the matter on June 8, 1982. On June 9, 1982 when the panel reconvened the hearing officer had been substituted by another hearing officer. Petitioner objected thereto on the ground that the new hearing officer was biased. This, too, was submitted to the court. In holding that the substitution of the new hearing officer was reasonable, Special Term noted that the prior hearing officer had failed to pass the civil service test for administrative law officer and, hence, could no longer serve. The hearing, which had been recessed, resumed on July 6, 1982. At that hearing testimony was taken from a psychiatrist who was known to the chairperson of the hearing panel. At the close of his direct testimony the chairperson disclosed that both she and the witness were on the psychiatric faculty at New York University Medical School. Counsel for petitioner then moved for a mistrial on the ground of a "close professional relationship" between the chairperson and the witness. After argument had been completed the five-member panel went into executive session. When the hearing resumed the motion was denied. This proceeding was then commenced. Initially, the hearing was ordered resumed to the completion of the testimony of the psychiatrist. Thereafter, reargument was had. Subsequently, and after further reargument and renewal the order and judgment which is here the subject of appeal was entered. At the outset we note that respondent does not quarrel with so much of the order and judgment as limits ex parte communications with the panel and the hearing officer. The thrust of the appeal is limited to the disqualification of those officers. Section 303 of the State Administrative Procedure Act provides, in part, that: "Upon the filing in good faith by a party of a timely and sufficient affidavit of personal bias or disqualification of a presiding officer, the agency shall determine the matter as part of the record in the case, and its determination shall be a matter subject to judicial review *at the conclusion of the adjudicatory proceeding*" (emphasis supplied). Any endeavor to abort the hearing by judicial intervention prior to the conclusion of the adjudicatory process is premature (*Matter of Whalen v Slocum*, 84 AD2d 956). Moreover, while we do not pass upon the issue of bias and prejudice, we do take note that the proof offered to support the claim is far from substantial. Certainly, it is not of such substance as would impel our intervention during the administrative hearing in the interest of justice. Concur — Murphy, P. J., Bloom, Milonas and Kassal, JJ.

---

* The psychiatrist has also been charged by respondent. The two proceedings have been consolidated.