OPINION OF THE COURT
Eugene R. Wolin, J.
Petitioner has brought this proceeding pursuant to CPLR article 78 for an order enjoining the Commissioner of Health and the State Board for Professional Medical Conduct from reconvening a disciplinary hearing or otherwise implementing an order of the Commissioner dated November 12, 1985; petitioner also seeks an order sealing the court file. Respondent moves for an order dismissing the proceeding. Both motions are consolidated for purposes of disposition.
At the outset the court will grant that branch of the application to permit petitioner to proceed as "John Doe” and to seal the court file to all except the litigants and their counsel. The court is persuaded that because of the serious nature of the allegations, the identity of petitioner should not be disclosed prior to final determination by respondent.
Petitioner has been a physician licensed in this State for approximately 17 years during which time he has been engaged in the practice of psychiatry. On or about April 25, 1985, petitioner was served with a notice of hearing and statement of charges by the State Board for Professional Medical Conduct (Board). Those charges and specifications allege that petitioner sexually abused four female patients during the course of the treatment he rendered. The incidents of alleged abuse extend from 1970 through March 1980. Pursuant to Public Health Law § 230, the Board is empowered *982 to investigate and to conduct disciplinary hearings on alleged incidents of professional misconduct. Disciplinary hearings are held before a committee appointed by the Board. That committee consists of four physicians and one lay member. In addition the statute (Public Health Law § 230 [10] [e]) provides for the appointment of an attorney as administrative officer who is given the authority to rule on motions and procedures and to draft the conclusions of the committee. The administrative officer does not, however, have the right to vote during committee deliberations. Those conclusions are then transmitted to the Commissioner. At the hearing, evidence is presented by the counsel to the Office of Professional Medical Conduct (OPMC) and the physician charged with misconduct has the right to be present, to be represented by counsel, to produce witnesses and evidence, to cross-examine witnesses and to examine documents admitted into evidence. A committee was appointed to hear the evidence in this matter and hearings were held on June 11 and 12, July 10 and 11 and August 14, 1985. At those sessions the four complainants appeared and testified. Pursuant to Public Health Law § 230 (10) (l), the names of the patients were not disclosed and the witnesses were identified only as patient A, B, C and D. On cross-examination counsel for petitioner asked each complainant whether she had ever made a written statement concerning her allegations of sexual abuse. Counsel for OPMC objected to the question and directed the witnesses not to answer. The basis for the objection was Public Health Law § 230 (11) (a). With respect to the reporting of professional misconduct to the Board by anyone, paragraph (a) of that subdivision provides that: "[s]uch reports shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding except that the board, its staif, or the members of its committees may begin investigations on the basis of such reports and may use them to develop further information.” At the hearing, counsel for petitioner argued that subdivision (11) (a) was not intended to protect the confidentiality of statements of those patients who have actually testified at a disciplinary hearing and that the continued protection of those statements eviscerated his right of cross-examination and constituted a denial of due process. The administrative officer recessed the hearing and permitted both sides to brief the point. On July 11, 1985, the administrative officer ruled in favor of petitioner. The hearing was then recessed until August 14, 1985. At that time counsel for OPMC informed the *983 committee that the position of her office was that the statements were confidential pursuant to subdivision (11) (a) and that she would neither produce the statements nor direct the witnesses to answer questions concerning any statements. The administrative officer does not have the authority to either strike testimony or to hold counsel in contempt. However, he directed the committee not to consider the testimony of the complainants in their deliberations. The hearing then proceeded. Thereafter, the committee submitted its report dated September 25, 1985 to Commissioner Axelrod. In that report the committee made the following conclusions and recommendations:

"Conclusions

"It is the conclusion of the hearing committee that based on the ruling of the Administrative Law Judge that the panel cannot render a final determination at this time because the testimony of the four petitioner’s witnesses was not admissible for consideration.

"Recommendations

"In view of the foregoing, it is the recommendation of the hearing panel that the Commissioner take whatever legal steps are necessary to permit this panel to make a full determination on the merits of the charges against the respondent physician.”
By order dated November 12, 1985, Commissioner Axelrod reversed the rulings of the administrative officer and remanded the matter to the committee for completion of the hearing. The order provides in part that: "Public Health Law § 230 (11) (a) mandates that complaints to the Board shall remain confidential. There is no explicit or implicit exception to that mandate for confidentiality. The purpose of the confidentiality mandate was to encourage reports of misconduct. That purpose is not served by requiring disclosure directly or penalizing the petitioner for failure to disclose by dismissing charges.”
Petitioner has now commenced this proceeding for an order vacating and annulling the November 12, 1985 order of the Commissioner and enjoining the Board from reconvening the disciplinary hearing.
The relief petitioner seeks is essentially that of mandamus. That extraordinary writ is available only if petitioner establishes a clear right to the relief sought and only when the body or officer involved acts without jurisdiction or acts in *984 excess of its jurisdiction (Matter of Schumer v Holtzman, 60 NY2d 46; Matter of Dondi v Jones, 40 NY2d 8). However, the writ is not available merely to correct procedural or substantive errors of law made during the course of a proceeding. (Matter of Schumer v Holtzman, 60 NY2d 46, 51, supra; Matter of State of New York v King, 36 NY2d 59.) In an effort to meet the rigorous requirements for a writ of mandamus, petitioner argues first that by reversing the evidentiary rulings of the administrative officer, Commissioner Axelrod exceeded his statutory authority and second, that by his order the Commissioner has denied petitioner his constitutional rights.
After consideration the court is not persuaded that petitioner has met his burden for issuance of a writ of mandamus. Public Health Law, title I, article 2 (§ 200 et seq.) vests broad powers in the Department of Health and the Commissioner to supervise all aspects pertaining to the public health and to enforce the Public Health Law. The State Board for Professional Medical Conduct was created pursuant to the general authority of the Department of Health and its members are appointed by the Commissioner. Public Health Law § 230 (10) (e) provides for the appointment, by the Commissioner, of an attorney to act as an administrative officer at committee hearings. That subdivision enumerates the powers of the administrative officer. It is the position of petitioner that the administrative officer has been given the exclusive authority to rule on evidentiary questions and that the statute denies the Commissioner the authority to reverse those rulings. Subdivision (10) (e) should not be read as broadly as petitioner contends. It is not a limitation upon the authority of the Commissioner but merely a description of the scope of the authority which may be exercised by an administrative officer. Nothing in subdivision (10) (e) justifies an interpretation which would curtail or limit the general grant of authority given to the Commissioner to protect the public health and to enforce the statute. The Commissioner is the person charged with the authority to protect the public health and to enforce the statute and has the power necessary to fulfill that mandate. The Commissioner is therefore not bound by the evidentiary rulings of his appointed administrative officer, especially, as here, on an issue involving policy considerations. Thus, the November 12, 1985 order was within the authority vested in the Commissioner pursuant to the Public Health Law. In addition the court also notes that the order was *985 rendered upon the specific request of the committee hearing the case against petitioner. The committee sought the assistance of the Commissioner in resolving a legal obstacle created by the ruling of the administrative officer which in essence struck the testimony of the complaining witnesses. A ruling which was apparently beyond the scope of the authority given to the administrative officer.
Nor has petitioner established a clear right to the relief sought. At this point in the proceedings, petitioner has merely been prevented from inquiring as to any statements by complaining witnesses. Counsel for petitioner may still cross-examine those witnesses and present witnesses and evidence in defense of petitioner. An adverse final determination on the merits is then subject to review in a proceeding brought pursuant to CPLR article 78 (Matter of Rainka v Whalen, 73 AD2d 731, affd 51 NY2d 973; Matter of Wesser v State of New York, Dept. of Health, State Bd. of Professional Med. Conduct, 94 AD2d 681; Matter of State Bd. of Professional Med. Conduct v Schlesinger, 84 AD2d 879). As yet there has been no determination as to the substance of the charges brought against petitioner. The committee hearing those charges may find petitioner innocent or a reviewing court may find that, on balance, the public policy rationale for the confidentiality of statements by complainants overrides the confrontation rights of the petitioner. Given the other rights afforded petitioner at the administrative hearing and the record presented, a reviewing court may hold that any due process violation was de minimus and did not significantly affect the rights of petitioner. Those questions should not be answered in the context of an advisory opinion from the court.
Accordingly, the petition is denied and the proceeding is dismissed.
Settle order providing for the sealing of the file.