*487 OPINION OF THE COURT
Dillon, J.
Petitioner brought this article 78 proceeding in the nature of prohibition seeking to annul and vacate an order of the Commissioner of Health. The order reversed rulings of an Administrative Officer made at a disciplinary hearing before a Committee of the State Board for Professional Medical Conduct, and directed that the Committee reconvene and complete the hearing. The petition should be dismissed because the extraordinary remedy of prohibition is not available in the circumstances presented.
Petitioner is a licensed physician engaged in the practice of psychiatry. In April 1985, he was served with a notice of hearing and statement of charges by the State Board for Professional Medical Conduct (State Board). The misconduct charges were based on complaints of four female patients, each of whom alleged that she had been sexually abused by petitioner during the course of psychiatric treatment. The incidents of alleged abuse extended from 1970 through March 1980.
A hearing on the charges commenced before the Committee on Professional Conduct (Committee) on June 11, 1985 and continued on several dates thereafter. The four complainants appeared and testified, and on cross-examination each was asked whether she had previously made complaints against petitioner to the State Board. Petitioner’s stated purpose was to examine reports of such complaints, if any had been made. Counsel for the office of Professional Medical Conduct objected, citing the confidentiality provisions of Public Health Law § 230 (11) (a), and directed each complainant not to answer. On reconvening after an adjournment, the Administrative Officer (AO) overruled the objections, ordered the production of documentary evidence of any such prior complaints, and directed that each complainant appear for cross-examination on the subject. When counsel refused to comply, petitioner moved for dismissal of the charges. After further adjournment, the AO struck the complainants’ testimony and directed that it not be considered by the Committee in its deliberations. In its report to the Commissioner of Health (Commissioner), the Committee stated that because of the ruling of the AO, it could not render a final determination. It recommended that the "Commissioner take whatever legal steps are necessary to permit [it] to make a full determination *488 on the merits of the charges”. The Commissioner reversed the rulings of the AO on the ground that Public Health Law § 230 (11) (a) mandates that complaints to the State Board remain confidential, and he remanded the matter to the Committee to complete the hearing.
Petitioner, contending that the Commissioner is powerless to reverse a ruling of an Administrative Officer, argues that this proceeding is appropriate because he challenges "an unconstitutional interlocutory order of the Commissioner of Health as ultra vires, beyond the scope of his authority”. Supreme Court disagreed, holding that the Commissioner is "not bound by the evidentiary rulings of his appointed administrative officer”, and dismissed the proceeding as premature (132 Mise 2d 980, 985). The Appellate Division, two Justices dissenting, reversed and granted the petition. That court found that because the Commissioner’s order impacted upon petitioner’s right of confrontation and could result in an unconstitutional deprivation of property without due process of law, the proceeding was properly brought as a "legitimate exception to the doctrine of exhaustion of administrative remedies” (123 AD2d, at 26). It also found that the Commissioner exceeded the scope of his statutory authority in reversing the AO’s evidentiary rulings. Leave to appeal to this court was granted by the Appellate Division, which certified the following question: "Was the order of this Court, which, inter alia, reversed the judgment (denominated an order) of the Supreme Court, properly made?” It was not, and there must be a reversal.
The general powers and duties of the Commissioner are enumerated in Public Health Law § 206, under which the Commissioner is directed to "take cognizance of the interests of health and life of the people of the state, and of all matters pertaining thereto and exercise the functions, powers and duties of the department [Department of Health of the State of New York] prescribed by law” (Public Health Law § 206 [1] [a]). That mandate encompasses the duty to investigate and prosecute professional misconduct involving the medical profession (see, Education Law § 6510-a [1]; Public Health Law § 230), and to that end the Commissioner is authorized to appoint the members of the State Board for Professional Medical Conduct (see, Public Health Law § 230 [1]) which, by committees of its members, has the power to conduct disciplinary hearings (Public Health Law § 230 [7]). In connection with such hearings, the Commissioner is required to designate *489 an attorney to serve as an Administrative Officer, who has "the authority to rule on all motions, procedures and other legal objections and * * * to rule on objections to questions posed by either party or the committee members” (Public Health Law § 230 [10] [e]). On conclusion of a hearing, a committee is required to make and transmit to the Commissioner findings of fact, conclusions concerning the charges and, when appropriate, to recommend the penalty or sanction to be imposed (Public Health Law § 230 [10] [g], [h]). The Commissioner is empowered to make his own recommendation as to a committee’s findings, conclusions and recommendation, and is thereafter required to transfer the entire record of the proceeding to the Board of Regents for final decision and order (Public Health Law § 230 [10] [i]; see, Education Law § 6510-a [2]).
Petitioner argues that because the Commissioner is not specifically authorized by Public Health Law § 230 to reverse a ruling of an Administrative Officer, the power does not exist. We disagree. Whether a determination made by an Administrative Officer at a disciplinary hearing is final and binding upon the Commissioner depends upon the intent of the Legislature in conferring their respective powers (Matter of Joseph Burstyn, Inc. v Wilson, 303 NY 242, revd on other grounds 343 US 495). The position of Administrative Officer was created by legislation which was designed to reform the professional disciplinary process and improve its efficiency and effectiveness (Governor’s Mem, approving L 1980, ch 866, 1980 McKinney’s Session Laws of NY, at 1919). It would ill-serve that legislative purpose to attribute administrative finality to a ruling of an Administrative Officer, or even to require that corrective action await review by the Board of Regents or by the courts. Nothing in the legislation or its history suggests an intention that the limited authority given to an'Administrative Officer should work to impede the disciplinary process or inhibit the Commissioner and the Board of Regents from effectively and expeditiously resolving complaints of misconduct in the medical profession.
Here the matter properly came to the Commissioner in a manner consistent with the orderly review process established in Public Health Law § 230. In its report, the Committee made clear that the AO’s ruling had effectively prevented it from making a final determination, as the statute requires. The Committee sought the Commissioner’s intercession to the end that it be permitted to determine the merits of the charges *490 against petitioner. Given the broad powers conferred upon the Commissioner in matters concerning the public health, and more particularly in regulating professional medical conduct, it would be anomalous if the Commissioner, under the unusual facts of this case, did not have the power to make his independent determination of the issues. In our view, the power to do so is "essential to the exercise” of the far-reaching powers expressly granted to the Commissioner by the Legislature (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639).
Having thus concluded that the Commissioner did not exceed his powers in reversing the ruling of the AO, we briefly address other issues presented on this appeal. While petitioner urges that the Commissioner’s determination gives rise to an issue of constitutional dimension, and the Appellate Division agreed, it does not follow, as that court found, that this proceeding is properly brought as a legitimate exception to the doctrine of exhaustion of administrative remedies (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57). Clearly, petitioner seeks judgment in the nature of prohibition (see, CPLR 7803 [2]). That extraordinary remedy is available only where there is a clear legal right, and only when an officer acts without jurisdiction or in excess of powers in a proceeding over which there is jurisdiction "in such a manner as to implicate the legality of the entire proceeding” (Matter of Rush v Mordue, 68 NY2d 348, 353). Petitioner’s challenge is directed only to the alleged evidentiary error committed within the proceeding. The writ of prohibition does not lie as a means of seeking collateral review of a mere error of law in the administrative process, no matter how egregious that error might be (see, Matter of Steingut v Gold, 42 NY2d 311, 315), "and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power” (Matter of Rush v Mordue, supra, at 353). Consequently, relief in the nature of prohibition is not available to petitioner. He has "an adequate remedy in his right to institute an article 78 proceeding following a final agency determination” (Matter of Rainka v Whalen, 73 AD2d 731, 732, affd for reasons stated at App Div 51 NY2d 973).
Accordingly, the order of the Appellate Division should be reversed, with costs, the petition dismissed, and the certified question answered in the negative.