OPINION OF THE COURT
Edward H. Lehner, J.
In these two unrelated proceedings, the identical threshold legal issue is presented, to wit: whether a remand of a petition for administrative review (PAR) is a "final order” which may be reviewed pursuant to CPLR article 78.
In the Mountbatten Equities proceeding the District Rent *88 Administrator permitted the owner of 421 Hudson Street to collect a rent increase from the rent-stabilized tenants of the building based on the institution of full-time doorman service. On appeal the Commissioner directed a remand to the Rent Administrator to determine both the validity of the consents by the tenants to the new service, and the actual cost to the owner to provide the service. The Commissioner stayed the payment of arrears under the order being appealed until a new order is issued upon remand.
In the Schneck matter, the District Rent Administrator denied an application by the intervenor owner of the premises 421-423 Third Avenue (Simon’s Hardware, Inc.) for certificates of eviction against all nine rent-controlled tenants in the building in order to enable it to expand its business to the upper floors. On appeal the Commissioner determined that it was error to deny the application without granting the owner a hearing and remanded the matter.
Respondent State Division of Housing and Community Renewal (DHCR) takes the position that an order of the Commissioner remanding a proceeding to the Rent Administrator is not a final order as the administrative remedies have not been exhausted.
Petitioner in the Mountbatten Equities case, represented by the law firm of Rosenberg & Estis, argues that a remand is a "final determination” subject to judicial review. This position is based on new Rent Stabilization Code (RSC) (9 NYCRR) § 2529.8, effective May 1, 1987. That section is headed "Final determination by the commissioner”, and states that "The commissioner, on such terms and conditions as he determines, shall * * * (b) Grant or deny the PAR, in whole or in part, or remand the proceeding to the rent administrator for further action”. Said petitioner maintains that this provision in the new RSC, which includes remands under a section with the aforesaid heading, altered prior decisional law which did not sanction judicial review of administrative orders of remand.
In the Schneck proceeding, the same aforementioned law firm, representing intervenor Simon’s Hardware, Inc., takes a contrary position with respect to the order of remand relating to the rent-controlled tenants. There it argues that the wording of CPLR 7801, which provides in part that a proceeding under article 78 "shall not be used to challenge a determination: 1) which is not final”, "is an unequivocal prohibition against Article 78 judicial review of non-final *89 orders”, and that the "CPLR mandates that this court permit the DHCR’s administrative process to run its course, and allow DHCR to issue a final determination.”
The court believes the latter position is correct and applicable to both rent-controlled and rent-stabilized tenants. Accordingly, the cross motions in both matters to dismiss are granted and all relief requested in the petitions denied.
One very basic concept of administrative law is that a court should not, with limited exceptions, interfere in administrative proceedings until all available administrative remedies are exhausted. (McKart v United States, 395 US 185; Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371; Matter of Wesser v State of New York, Dept. of Health, State Bd. of Professional Med. Conduct, 94 AD2d 681, affd 60 NY2d 785.)
In Watergate II Apts. v Buffalo Sewer Auth. (46 NY2d 52, 57) the exhaustion rule was stated to be "subject to important qualifications [and] need not be followed, for example, when an agency’s action is challenged as either unconstitutional or wholly beyond its grant of power * * * or when resort to an administrative remedy would be futile * * * or when its pursuit would cause irreparable injury”.
Here, no claim is made that would warrant departing from the exhaustion requirement. The fear that some tenants may vacate prior to the termination of the administrative proceedings, and therefore not pay amounts found owing retroactively, is an insufficient basis to justify a departure from the aforesaid general rule.
Under rent control, administrative remands have traditionally been found to be nonfinal and thus not judicially reviewable. (See, e.g., Matter of Fiesta Realty Corp. v McGoldrick, 308 NY 869; Matter of Love Sec. Corp. v Berman, 31 AD2d 612.) In Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal, Off. of Rent Admin. (130 AD2d 237, 245) our Appellate Division stated: "Since DHCR remitted the matter to the District Rent Administrator for a determination as to whether the subject apartment is entitled to rent-stabilized status in light of the finding of decontrol, its order did not conclude the pending administrative proceedings or finally determine the rights of the parties. Absent a final administrative determination, an article 78 proceeding does not lie.”
In the Mountbatten Equities case, petitioner argues that although the 140 W. 57th St. Corp. case (supra) was decided *90 subsequent to the effective date of the RSC, it is inapposite because it involved a rent-controlled apartment.
However, the language of RSC § 2529.8 is almost identical to former section 98 (now 9 NYCRR 2208.8) of the Rent and Eviction Regulations governing rent-controlled apartments in New York City, which section has been in effect since at least 1968. The fact that said former section 98 has been headed "Final Determination by the Administrator” has never been held to mean that an administrative remand is a final determination ripe for judicial review. Thus, RSC § 2529.8, employing almost identical language to former section 98, should not receive a different interpretation.
Since in both of these proceedings the Commissioner has determined that additional proof is required prior to his making a final determination, under the facts of these proceedings, there has been no adjudication which is subject to judicial review.