OPINION OF THE COURT
Per Curiam.
This proceeding is the sequel to Matter of Doe v Axelrod (71 NY2d 484) and arises from a disciplinary proceeding against a physician. In Doe, we considered the relationship between an Administrative Officer hearing charges preferred against a physician by the State Board of Professional Conduct, an administrative division of the Department of Health, and the Commissioner of Health. The Administrative Officer had directed the production of victim’s complaints for the physician’s use during cross-examination. The Commissioner reversed on the ground that Public Health Law § 230 (11) (a) imposes a duty on him to hold such complaints confidential and remanded the matter to complete the hearing. We held that under the broad powers conferred upon the Commissioner in matters concerning the public health, and more particularly in regulating professional medical conduct, he had the power to reverse the Administrative Officer and make an independent determination of the issues (Matter of Doe v Axelrod, supra, at 489-490). Following our decision, the hearing was concluded, misconduct found and the matter forwarded to the State Board of Regents with the recommendation that the report finding misconduct be accepted in full.* Respondents, the Board of Regents and the Commissioner of Education, have refused to accept the recommendation, however, and have remitted the matter so that the hearing could be reopened after the victim’s complaints had been made available to the physician.
The Commissioner of Health has instituted this CPLR arti *115 cle 78 proceeding challenging the authority of respondents to compel him to disclose the complaints. Respondents have moved to dismiss, contending that the Commissioner lacks standing to challenge their order.
Under traditional rules, petitioner has standing if (1) the interest he asserts is arguably within the zone of interest to be protected by the statutory or constitutional provisions he seeks to enforce; (2) respondents’ decision is shown to have a harmful effect upon him; and (3) there is no clear legislative intent negating review (Matter of City of New York v City Civ. Serv. Commit., 60 NY2d 436, 442-443).
Petitioner claims that providing the physician with the complaints against him filed with the State Board of Professional Medical Conduct would violate the duty of confidentiality imposed on him by statute to ensure that complaints filed with the State Board "shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding” (Public Health Law § 230 [11] [a]). The provision was enacted to encourage disclosure of medical malpractice and physician misconduct and to alleviate complainants’ fear of litigation resulting from doing so (see, Matter of Doe v Axelrod, 123 AD2d 21, 38 [Sullivan, J., dissenting], revd 71 NY2d 484; Mem of Assemblyman Hevesi, L 1977, ch 773, 1977 NY Legis Ann, at 256). Petitioner’s interest in maintaining the confidentiality of the complaints in this proceeding is, therefore, a matter within the interest to be protected under Public Health Law § 230 (11) (a).
Petitioner has also demonstrated sufficiently that respondents’ order will adversely affect not only his statutory duty to keep complaints confidential but also his statutory duty to enforce the Public Health Law (Public Health Law § 206 [1] [f]). The Board for Professional Medical Conduct is required to investigate "each complaint received regardless of the source” and it relies heavily on these complaints to discover misconduct (Public Health Law § 230 [10] [a]). The release of the complaints filed against the physician may have a chilling effect on others contemplating the filing of a complaint with the State Board and will arguably impede petitioner’s discovery of professional misconduct.
Finally, there is no clear expression of any legislative intent to negate this review of respondents’ order. On the contrary, section 13 of the Public Health Law authorizes the Department of Health to enforce the performance of any duty or *116 enjoin any act proscribed by the Public Health Law through a proceeding under article 78 of the CPLR.
Respondents rely on Axelrod v Ambach (126 AD2d 288), a case not reviewed by this Court. There, the Commissioner of Health sought to review a determination of the Commissioner of Education and Board of Regents which found that a doctor was denied effective representation by counsel during disciplinary proceedings and remanded the matter for further hearings before the State Board. The court held that the Commissioner of Health’s role in medical misconduct proceedings is limited to holding hearings and submitting recommendations to the Commissioner of Education and Board of Regents (Public Health Law § 230). He lacked standing because he could not demonstrate that he was aggrieved by the order requiring further hearings. In this proceeding, however, petitioner has demonstrated that respondents’ order directly affects his role in investigating medical misconduct, holding hearings and submitting recommendations to the Commissioner of Education and the Board of Regents (Public Health Law § 230).
We conclude, therefore, that petitioner has standing and that the matter should be remitted to Supreme Court for a determination on the merits.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, and the motions to dismiss denied.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Judgment reversed, etc.

 The statutory procedures for investigation, hearings and review are set forth fully in Public Health Law § 230 (10).