■ In the Matter of DAVID AXELROD, as Commissioner of Health of the State of New York, Petitioner, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which, inter alia, required the State Board for Professional Medical Conduct to grant respondent Gilbert K. Seligman access to confidential statements of certain witnesses against him for purposes of cross-examination of those witnesses.

This proceeding has its genesis in a disciplinary proceeding in which respondent Gilbert K. Seligman, a duly licensed physician, is charged with, inter alia, allegedly sexually abusing four female patients. Following a dispute regarding whether the patients' written complaints with respect to Seligman, filed with the State Board for Professional Medical Conduct (hereinafter State Board), are confidential pursuant to Public Health Law § 230 (11) (a) or not, so that Seligman is entitled to use that information for impeachment purposes on cross-examination, respondent Commissioner of Education issued an order confirming the Board of Regents' decision compelling the State Board to disclose the victims' complaints to Seligman. Petitioner thereupon commenced the instant CPLR article 78 proceeding in this court seeking to annul the Commissioner of Education's determination insofar as it remanded the disciplinary hearing for further proceedings to allow Seligman to receive copies of complaints filed against him and to cross-examine the witnesses with respect thereto. Alternatively, he requested that the administrative officer

assigned to the hearing conduct an in camera review of the complaints prior to their release to determine whether they are even material to Seligman's defense.

Although petitioner has standing to institute this proceeding (see, Matter of Axelrod v Sobol, 78 NY2d 112), we lack jurisdiction to entertain it (see, Matter of Nolan v Lungen, 61 NY2d 788, 790). Education Law former § 6510-a (4), which was repealed in July 1991 but still applies to the case at hand because the statement of charges was previously served (L 1991, ch 606, § 24), provides for review by this court pursuant to CPLR article 78 of the Board of Regents' disciplinary determinations (see, 1991 McKinney's Session Laws of NY, at 2080; 24 Carmody-Wait 2d, NY Prac § 145:252, at 40-41). Here, however, petitioner is not seeking review of the Board of Regents' final determination of Seligman's professional misconduct proceeding, but is instead challenging the Commissioner of Education's authority, asserted in an interlocutory order, to compel petitioner to produce certain documents. A proceeding of this nature is covered by CPLR 7803 (2) and (3) and, accordingly, must be commenced in Supreme Court, Albany County (see, CPLR 7804 [b]; 506 [b] [2]). Given the fact that this is not an instance where the proceeding has been improperly transferred to us so that we would be authorized to dispose of it if the papers were sufficient (cf., CPLR 7804 [g]; Matter of Circle Cts. v Lane, 29 AD2d 620), and the further fact that parties may not waive the requirement of, or confer, subject matter jurisdiction (Siegel, NY Prac § 8, at 10 [2d ed]), we are constrained, even though the interest of judicial economy suggests otherwise, to dismiss the petition.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Adjudged that the petition is dismissed, without costs and without prejudice to the commencement of this proceeding in the Supreme Court, Albany County.