■ In the Matter of BOARD OF EDUCATION OF THE WAPPINGERS CENTRAL SCHOOL DISTRICT, Respondent, v DODGE R. WATKINS, Appellant.—Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered September 26, 1991 in Dutchess County, which granted petitioner's application to disqualify respondent's counsel in a collateral administrative proceeding.

In 1987 respondent was hired by petitioner to be District Superintendent. Respondent was suspended by petitioner on December 26, 1989. Respondent then retained the law firm of Whiteman, Osterman and Hanna (hereinafter counsel) to represent him in connection with his suspension. Thereafter, petitioner sought to disqualify counsel from representing respondent before the Commissioner of Education and in an action respondent commenced pursuant to 42 USC § 1983 in Federal District Court. The application to disqualify counsel in the administrative proceeding concerning respondent's suspension and possible termination was discontinued by stipulation and disqualification was granted by District Court in the pending action. In January 1991, petitioner commenced this proceeding seeking to disqualify counsel from representing respondent with respect to matters before the Commissioner.

Finding that counsel represented petitioner during respondent's tenure as Superintendent and that counsel "might have acquired information relating to the subject of a subsequent representation", Supreme Court granted the petition. Respondent appeals.

We reverse. Inasmuch as the Commissioner has the power to regulate the representation by counsel in the underlying administrative proceeding *(see,* Education Law § 306 [1]; § 311 [1]; 8 NYCRR 275.15), the Commissioner is empowered to determine whether counsel should be disqualified and resort to the courts is inappropriate *(see, Matter of Doe v Axelrod,* 71 NY2d 484, 489-490; 43 NY Jur 2d, Declaratory Judgments, § 10, at 25-27). It is settled law that " 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law *(e.g., Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375)' " *(Matter of Doe v Axelrod, supra,* at 491 [Simons, J., concurring], quoting *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57).

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and petition dismissed.