[597 NYS2d 840]

In the Matter of LORNA S. McBARNETTE, as Acting Commissioner of Health of the State of New York, Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, May 20, 1993

## APPEARANCES OF COUNSEL

*Peter J. Millock,* Albany *(Joseph C. Bierman* of counsel), for appellant.

*Lizette A. Cantres,* Albany *(Megan Lesser Levine* of counsel), for Thomas Sobol, respondent.

*Halperin, Klein & Halperin,* New York City *(Jerome R. Halperin* and *Guy S. Halperin* of counsel), for John Doe, respondent.

## OPINION OF THE COURT

Yesawich Jr., J.

A licensed psychiatrist (hereinafter respondent) was charged with misconduct stemming from alleged sexual abuse of several patients. At his disciplinary hearing respondent sought, for purposes of cross-examination, access to complaints which had been filed with the Office of Professional Medical Conduct by the patients who had testified against him. Maintaining that Public Health Law § 230 (11) (a) prohibits their disclosure, petitioner refused to produce the complaints. Respondent moved to vacate and annul this determination and, after Supreme Court denied the motion [132 Misc 2d 980], a divided First Department reversed, holding that the privilege of confidentiality was waived by the witnesses when they testified at the hearing and that respondent's due process right to cross-examine those who testified against him mandated that the statements be turned over *(Matter of Doe v Axelrod,* 123 AD2d 21, *revd on other grounds* 71 NY2d 484). The Court of Appeals did not reach the merits of the case; it held that respondent could not challenge the evidentiary ruling by means of a proceeding sounding in prohibition, as he had attempted to do, but rather must wait and challenge the final agency determination in a CPLR article 78 proceeding.

Before respondent Commissioner of Education issued a final

determination, however, he ordered the Department of Health (hereinafter DOH) to produce the complaints for use at a new hearing, prompting petitioner to commence a CPLR article 78 proceeding seeking review of that determination. This Court's decision granting a motion to dismiss the petition on the ground that petitioner lacked standing to bring the proceeding was reversed by the Court of Appeals *(Matter of Axelrod v Sobol,* 78 NY2d 112) and, following remittal, we dismissed the petition for lack of subject matter jurisdiction without prejudice to petitioner's right to initiate the proceeding in Supreme Court *(Matter of Axelrod v Sobol,* 180 AD2d 905). After petitioner did so, Supreme Court, relying on the rationale set forth by the First Department in *Matter of Doe v Axelrod (supra),* dismissed the petition. Petitioner appeals.

On its face, Public Health Law § 230 (11) (a) prohibits DOH from turning over the reports. That section unambiguously states that reports of misconduct made to the State Board for Professional Medical Conduct "shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding" *(ibid.).* The legislative history and case law reveal several reasons for this absolute confidentiality. First, such a guarantee enables a complainant to act without fear of litigation or other recrimination; because of this, the identity of the complainant, as well as the content of the report, is shielded *(cf., Matter of Chugh v Axelrod,* 151 AD2d 999, 1001). And as Justice Fein, writing for the First Department majority, aptly observed in *Matter of Doe v Axelrod (supra,* at 30), ensuring the secrecy of the reports also protects the reputation of the accused professional until a final decision is arrived at with respect to the charges. Finally, an ironclad promise of confidentiality cloaks the program with "the appearance of inviolable trust" *(Matter of Grattan v People,* 65 NY2d 243, 246), and in so doing serves the State's interest in encouraging voluntary reporting of misconduct *(see, Matter of Axelrod v Sobol,* 78 NY2d 112, 115, *supra).*

This explicit statutory prohibition, and the commendable concerns driving it, must, however, be weighed against the accused physician's constitutional right to due process of law, which includes the basic right to cross-examine adverse witnesses *(see, Matter of Friedel v Board of Regents,* 296 NY 347, 352). Although critically important, this right is not absolute; even a criminal defendant's right to useful information may be circumscribed if there are overriding reasons why that information should remain confidential *(see, People v Liber-*

*atore,* 79 NY2d 208, 216). In sum, the need for confidentiality in any given situation must be balanced against the likelihood that denial of access to the information will materially prejudice the accused *(see, People v Harder,* 146 AD2d 286, 289-290).

The reports sought may be particularly useful to respondent's defense in this case where the alleged events transpired, in some instances, more than 20 years ago; the reports concern the same incidents and petitioner's case rests primarily on the credibility of the complaining witnesses, four former psychiatric patients. Because of this, and because there is no significant reason to maintain the confidentiality of these reports once the complainants have testified, the statutory proscription against disclosure must yield in this instance to respondent's constitutional right to due process.

By coming forth to testify at the disciplinary hearing, a complainant-witness has already disclosed his or her identity and, in all likelihood, the substance of the complaints he or she has made against the accused physician. In so doing, the witness has already accepted the risk of retribution, litigation or harassment by the accused—later disclosure of the actual report, within the confines of a confidential hearing *(see, Matter of Johnson Newspaper Corp. v Melino,* 77 NY2d 1; *Matter of Dr. J.P. v Chassin,* 189 AD2d 137, *affd* 82 NY2d 694), will not increase this risk.

Nor are we persuaded that permitting disclosure in this limited circumstance will prove a disincentive to the voluntary reporting of misconduct. Should a witness come forth voluntarily to testify, the decision to reveal the information in the complaint will have been the witness's alone; complainants can still be assured that their reports will remain absolutely privileged and confidential until such time as they opt to testify. And if a witness is subpoenaed by petitioner, petitioner can hardly argue, after forcing the witness to disclose information which was promised would be confidential, that disclosure of the report itself should nevertheless be prohibited because of the chilling effect it would occasion.

MIKOLL, J. P., MERCURE and CREW III, JJ., concur.

Ordered that the judgment is affirmed, without costs.