OPINION OF THE COURT
 

 Smith, J.
 

 The issue here is whether the mandate of Public Health Law § 230 (11) (a) that written misconduct complaints against physicians remain confidential bars disclosure of the complaints for purposes of cross-examination where the complainants have testified against the physician in a disciplinary proceeding involving alleged sexual misconduct. Under the circumstances presented in this proceeding, where confidentiality is maintained and where the credibility of the complainants is a primary issue, we hold that the physician is entitled to the complaints in order to fully cross-examine the complainants.
 

 This matter is before us for the third time. In April 1985, the Office of Professional Medical Conduct (OPMC) charged respondent, a licensed physician, with misconduct pursuant to Education Law § 6509 based upon claims of sexual abuse by four of his former patients. The charges stemmed from written complaints by the patients that the physician sexually
 
 *336
 
 abused them during the course of psychiatric treatment between 1970 and 1980.
 

 At the hearing before the Committee on Professional Conduct (Committee), the physician sought and was denied access to the written complaints notwithstanding the Administrative Officer’s (AO) demand that counsel for OPMC provide them. OPMC based its denial of the request upon Public Health Law § 230 (11) (a) which provides that reports of "professional misconduct * * * shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding except that the board, its staff, or the members of its committees may begin investigations on the basis of such reports and may use them to develop further information.” The AO then struck the complainants’ testimony and directed the Committee not to consider it. After the Committee, in its report to petitioner Commissioner of Health, indicated that it could not render a determination absent the complainants’ testimony, the Commissioner reversed the AO’s ruling and remanded the matter to the Committee to complete the hearing.
 

 The physician challenged the Commissioner’s determination in a CPLR article 78 proceeding. The Appellate Division reversed Special Term’s judgment insofar as it dismissed the petition, annulled the Commissioner’s determination overruling the AO, and remanded the matter for either the limited disclosure specified by the AO or dismissal of the charges against the physician
 
 (see, Matter of Doe v Axelrod,
 
 123 AD2d 21). The Appellate Division then certified a question to this Court, essentially, whether it properly made its order reversing the judgment of Supreme Court. This Court resolved the matter on procedural grounds
 
 (Matter of Doe v Axelrod,
 
 71 NY2d 484, 490).
 

 Upon the conclusion of the hearing, misconduct was found and the matter was sent to respondent State Board of Regents with the recommendation that the determination of misconduct be accepted. The Board of Regents and respondent Commissioner of Education refused to accept the recommendation and remitted the matter to reopen the hearing once the physician received access to the complaints.
 
 [1]
 
 The then Com
 
 *337
 
 missioner of Health, David Axelrod, instituted an article 78 proceeding which challenged the authority of the respondents to compel him to disclose the complaints. The Appellate Division granted the motion to dismiss the petition, citing
 
 Matter of Axelrod v Ambach
 
 (126 AD2d 288, 290-291), on the grounds that the Commissioner of Health lacked standing. That proceeding was also resolved by this Court
 
 (Matter of Axelrod v Sobol,
 
 78 NY2d 112), and, after a standing issue was litigated and another procedural infirmity addressed
 
 (see, Matter of Axelrod v Sobol,
 
 180 AD2d 905), petitioner Loma S. McBarnette, as acting Commissioner of Health, commenced this article 78 proceeding in Supreme Court, again challenging the authority of respondents Commissioner of Education and the Board of Regents to direct disclosure of the complaints. The petition was dismissed, and the Appellate Division affirmed Supreme Court’s judgment (190 AD2d 229). The Commissioner appeals to this Court, as of right, pursuant to CPLR 5601 (b) (1).
 

 Here, the Commissioner of Health contends that due process of law does not require that the respondent physician be provided access to the confidential complaints and that the witnesses did not waive the confidentiality of their complaints by testifying. Respondent physician argues that he has a fundamental right to confrontation and to access to the statements pursuant to the Federal and State Constitutions in order to facilitate that confrontation. Respondents Commissioner of Education and the Board of Regents contend that the doctor’s right to due process and cross-examination outweigh the interests of confidentiality.
 

 The issue is whether respondent may be denied access to the complaints, some made 15 to 20 years ago, under the circumstances here, where the complainants have already testified and made themselves known to respondent. While the parties have emphasized the constitutional issues of due process and right to confront witnesses, in the view taken here, it is unnecessary to decide the case on constitutional grounds.
 

 Section 230 of the Public Health Law governs proceedings
 
 *338
 
 involving professional medical conduct. The Public Health Law creates a board consisting of physicians and lay members to address disciplinary matters within the medical profession
 
 (see,
 
 Public Health Law § 230 [1], [7]). Petitioner argues that the provision in question, Public Health Law § 230 (11) (a), contains no exceptions, explicit or implied in its prohibition against disclosure of written complaints. In addition to the statute’s direct prohibition, the governing regulation bars either party from introducing the written complaints into evidence and prevents the Hearing Officer from requiring a party to produce them
 
 (see,
 
 10 NYCRR 51.11 [d] [8]).
 
 [2]
 

 Public Health Law § 230 (11) (a) was not intended to preclude access to written complaints where, as here, the complainants are known to the physician and the complainants have testified against the physician at a hearing. This statutory provision was designed to encourage those who were alleged victims of professional misconduct on the part of a physician to come forward without fear of disclosure so that appropriate investigations might be pursued
 
 (see, Matter of Axelrod v Sobol,
 
 78 NY2d 112, 115,
 
 supra).
 
 It was also intended to preclude the indiscriminate use of these reports, whether to reveal sources of information which led to investigations, to reveal the patients or former patients of the doctor or to reveal unsubstantiated complaints against a physician, as well as to encourage policing from within the profession.
 

 Additionally, any concerns that a complainant, professional or otherwise, may have regarding the risks of litigation or retribution as a result of submitting a complaint or testifying against a physician would not be implicated under these facts. The risks of litigation would be the same whether the complainant agreed to testify in the presence of the accused or by a statement disclosing the complainant’s identity. Concerns of retribution, or a physician’s response to a complaint by testimony or written document, would not change notwithstanding the method by which the physician learned of the individual’s complaint. Also, even after disclosure, the complainants in this case are treated the same as any other complainant who chose to file a written complaint against a physician; the difference here is that these complainants made the additional
 
 *339
 
 step of testifying, in the physician’s presence, as to the substance of the complaints. This is one of the situations contemplated in
 
 Matter of Grattan v People
 
 (65 NY2d 243, 246), where it was at least implied that in some settings, an individual’s actions may require that statutorily imposed confidentiality be overridden.
 

 This Court cannot ignore the prejudice to the physician where he is forced, without access to the predicate complaints, to confront complainants who have made charges against him based on the complaints made several years ago, where the statutory provision barring access to the complaints is not applicable to the facts of his case. It is settled that even where administrative proceedings are at issue, "no essential element of a fair trial can be dispensed with unless waived”
 
 (see, Matter of Hecht v Monaghan,
 
 307 NY 461, 470). In addition, "the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given the opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal”
 
 (id.,
 
 at 470;
 
 see also, Matter of Simpson v Wolansky,
 
 38 NY2d 391, 395;
 
 People v Ramistella,
 
 306 NY 379, 384-385).
 

 Moreover, several statutory provisions are consistent with disclosure here. Public Health Law § 230 (10) (c) authorizes the production of witnesses and evidence "in manner and form as prescribed by the civil practice law and rules.” CPLR 4514 provides that, in addition to common-law impeachment methods, "any party may introduce proof that any witness has made a prior statement inconsistent with his testimony if the statement was made in a writing subscribed by him or was made under oath.” Education Law § 6510 (8) directs that the "files” relating to an investigation of misconduct remain confidential and inaccessible to "any person, except upon the order of a court in a pending action or proceeding.” Further, this confidentiality provision makes an exception for "documents introduced in evidence at a hearing”
 
 (id.).
 
 It follows that although the victims’ testimony would not constitute "documents introduced in evidence,” such documents should be available to the accused when the actual individual testifies at the hearing, concededly testifying to much of the substance of the documents.
 

 In enacting Public Health Law § 230 (11) (a), the Legislature’s concern was primarily that of encouraging complaints
 
 *340
 
 by colleagues. The legislative history to Public Health Law § 230 (11) (a) indicates that the focus was upon removing impediments from fellow professionals to submit complaints, stressing that "one of the major problems for state regulating boards has been the reluctance of hospitals, medical societies, and physicians to provide information concerning errant doctors, because of a fear of litigation” (Mem of Alan G. Hevesi, L 1977, ch 773, 1977 NY Legis Ann, at 256). Noting that the bill was directed at "physician disclosure of professional misconduct”, the Assemblyman’s Memorandum states:
 

 "The bill requires physicians, statewide medical specialty societies, state and county medical and osteopathic societies, and any institution established pursuant to article twenty-eight of the public health law to report to the State Board for Professional Medical Conduct any information that appears to show a physician is guilty of professional misconduct, or is otherwise incompetent to practice medicine safely”
 
 (id.,
 
 at 256).
 

 Although the statute also refers to the right of "any person” to complain against a physician, the purpose of the statute was that of mobilizing police efforts from within the profession. Neither this objective, nor that of shielding a complainant’s identity from the accused, is met by denying the physician access to the complaints filed by these complainants whose identities are already known to him.
 

 Additionally, even though the complaints are submitted to the physician, because these proceedings have traditionally been regarded as confidential
 
 (see, Doe v Office of Professional Med. Conduct,
 
 81 NY2d 1050;
 
 Matter of Johnson Newspaper Corp. v Melino,
 
 77 NY2d 1, 10,
 
 supra; Matter of Capoccia,
 
 59 NY2d 549, 553), the complainants’ interests in privacy regarding these matters have not been abandoned. The policy of confidentiality that we would recognize absent the statute, because such policy "serves the purpose of safeguarding information that a potential complainant may regard as private or confidential and thereby removes a possible disincentive to the filing of complaints,” remains intact
 
 (Matter of Johnson Newspaper Corp. v Melino, supra,
 
 at 10-11). This confidentiality also protects the accused physician by preventing any unwarranted mar upon that professional’s reputation
 
 (id.,
 
 at 11). The confidential and safeguarded nature of proceedings involving potential discipline of licensed professionals has been
 
 *341
 
 reaffirmed by our recent holding that disciplinary proceedings should not be open to the public and disclosure should not occur before the proceedings have been finally determined
 
 (see, Doe v Office of Professional Med. Conduct,
 
 81 NY2d 1050, 1052,
 
 supra; see also, Matter of J.P. v Chassin,
 
 82 NY2d 694 [proceedings involving ophthalmology specialist must remain confidential until finally determined]).
 

 We hold that where, as here, the physician faces charges, some of which are 15 to 20 years old, and the authors of the complaints have testified and are already known to the physician, Public Health Law § 230 (11) (a) does not bar access to the written complaints so that the physician may fully confront the witnesses against him.
 

 Based on the foregoing, we do not reach the issue of waiver of confidentiality.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Bellacosa and Ciparick concur; Judges Titone and Levine taking no part.
 

 Order affirmed, with costs.
 

 [1]
 

 . As stated in
 
 Matter of Johnson Newspaper Corp. v Melino
 
 (77 NY2d 1, 4), professional disciplinary proceedings involve the following process: "At the first stage, the Education Department’s Office of Professional Discipline (OPD) conducts an adversarial hearing on the charges of misconduct (Educa
 
 *337
 
 tian Law § 6510 [3] [c]). Thereafter, the hearing panel prepares a written report, which includes a recommendation of guilty or not guilty, and, if necessary, a penalty recommendation (§ 6510 [3] [d]). The Regents’ review committee reviews the report and the hearing transcript, and prepares a written report of its own (§6510 [4] [b]). The two reports and the hearing transcript are then forwarded to the Board of Regents which renders a final decision (§ 6510 [4] [c]).”
 

 [2]
 

 . 10 NYCRR 51.11 (d) (8) states: "Complaints relating to matters governed by Public Health Law, section 230 may not be introduced into evidence by either party and their production may not be required by the hearing officer even if the complainant is a witness.”