■ In the Matter of KARL EASTON, Appellant, v STATE BOARD FOR PROFESSIONAL MEDICAL CONDUCT, Respondent. [625 NYS2d 31] —Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered on or about October 24, 1994, which, in a proceeding pursuant to CPLR article 78 to enjoin respondent from conducting a referral hearing pursuant to Public Health Law § 230, granted respondent's cross motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

Applying the principle of collateral estoppel, the civil action in which petitioner was found liable for Medicaid fraud (People v Brooklyn Psychosocial Rehabilitation Inst., 185 AD2d 230, lv denied 81 NY2d 702, rearg denied 81 NY2d 953, cert denied sub nom. Easton v New York, — US —, 114 S Ct 178), supports a referral proceeding against him pursuant to Public Health Law § 230 (10) (p), since the parties and issues in such proceeding would be identical to those that were before the court in the civil action, and there was a full and fair opportunity to litigate the disputed issues (see, Kaufman v Eli Lilly & Co., 65 NY2d 449). Accordingly, prohibition does not lie (see, Matter of Doe v Axelrod, 71 NY2d 484). Concur—Sullivan, J. P., Wallach, Nardelli, Williams and Mazzarelli, JJ.