■ In the Matter of PATRICIA A. ROWLEY, Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [771 NYS2d 195]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Hearing Committee of the State Board for Professional Medical Conduct which, inter alia, placed petitioner on a five-year period of probation.

Petitioner is licensed to practice medicine in New York, Texas and New Mexico. In June 2000, she contacted the Medical Society of the State of New York's Committee for Physician's Health (hereinafter CPH) and advised a CPH member that she was suffering from Xanax addiction and posttraumatic stress disorder, as well as suicidal ideations. As a consequence, CPH referred petitioner for treatment at Marworth Treatment Center. Because petitioner left Marworth after only three days, CPH reported her to the State Board for Professional Medical Conduct as required by law (*see* Public Health Law § 230 [11] [g] [iii]). Following an investigation, the Office of Professional

Medical Conduct charged petitioner with being a habitual user of narcotics and having a psychiatric condition that impairs her ability to practice medicine (*see* Education Law § 6530 [8]). Following a hearing, a Hearing Committee sustained the various specifications of misconduct and placed petitioner on five years' probation upon her resumption of practice in New York, during which time she was to submit to random drug and alcohol testing, as well as undergoing supervision by practice and sobriety monitors and a therapist. Petitioner thereafter commenced this CPLR article 78 proceeding challenging that determination.

While petitioner raises a number of issues in her brief, we will focus only on her contention that it was error for the Administrative Law Judge to have admitted into evidence the file compiled by CPH, which contained memoranda of telephone calls between petitioner and caseworkers, communications with various treatment entities and communications with medical societies of the other states where petitioner was licensed to practice medicine. Public Health Law § 230 (11) (a) obligates the Medical Society of the State of New York, including CPH, to report to the State Board for Professional Medical Conduct any suspected physician misconduct and further provides that "[s]uch *reports* shall remain confidential and shall not be admitted into evidence in any administrative or judicial proceeding" (emphasis added). Petitioner maintains that the admission of the entire CPH file into evidence at her hearing was in contravention of the cited provision and constitutes reversible error. We disagree.

It seems clear that the confidentiality provisions of Public Health Law § 230 were intended to encourage professionals and others to come forward with complaints of physician misconduct without fear of disclosure in order to ensure that appropriate investigations could be conducted (*see Matter of McBarnette v Sobol*, 83 NY2d 333, 338 [1994]). That being the case, we do not construe the term "report" to encompass the information gathered or investigatory file compiled by CPH as a result of the initial complaint of misconduct. To interpret the statute in the restrictive manner urged by petitioner effectively would confer a benefit upon the offending physician by shielding him or her from appropriate disciplinary measures. As such an interpretation plainly would not comport with the statute's overall purpose, we find no error in the decision to admit CPH's file into evidence at the disciplinary hearing. We have considered petitioner's remaining contentions and find them equally without merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that

the determination is confirmed, without costs, and petition dismissed.