■ Abraham Buxbaum, Appellant, v Renee Tessier, Respondent. [797 NYS2d 563]—

In an action, inter alia, for a judgment declaring that certain orders of the Civil Court of the City of New York invalidating a determination of the New York State Division of Housing and Community Renewal under DHCR No. 2200.2 (f) (11) that the apartment in question was not subject to rent control, were a nullity, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated January 15, 2004, which, denied his motion for summary judgment and, upon

searching the record, awarded summary judgment in favor of the defendant declaring that certain orders of the Civil Court of the City of New York, invalidating a determination of the New York State Division of Housing and Community Renewal under DHCR No. 2200.2 (f) (11) that the apartment in question was not subject to rent control, were valid.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, awarded summary judgment in favor of the defendant; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, among other things, declaring that, upon this record, it cannot be determined if the apartment in question is subject to rent control.

The relief sought by the plaintiff in this action hinges on his ability to establish that the subject apartment was decontrolled in 1963 by order of the predecessor agency to the New York State Division of Housing and Community Renewal (hereinafter the DHCR) (*see Matter of Joseph v Roldan,* 289 AD2d 243 [2001]). However, the evidence tendered by the plaintiff in support of his motion for summary judgment established that the DHCR, after diligent inquiry, was unable to locate any order of decontrol pertaining to the apartment, but could confirm only that a report of decontrol was submitted by a previous landlord in September 1963. A report of decontrol is not an adjudication by a state agency but is "a mere unilateral declaration" by the landlord (*Matter of Coyle v Gabel,* 21 NY2d 808, 809-810 [1968]; *see Matter of Love Sec. Corp. v Berman,* 31 AD2d 612 [1968]). Under these circumstances, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law. In light of the fact that the sole basis for the relief sought in the complaint was the purported 1963 decontrol order, the plaintiff was not entitled to a declaration that the subject apartment was not rent controlled.

However, the Supreme Court improperly, upon searching the record, awarded summary judgment in favor of the defendant declaring that certain orders of the Civil Court of the City of New York, invalidating a determination of the New York State Division of Housing and Community Renewal under DHCR No. 2200.2 (f) (11) that the apartment was not subject to rent control, were valid. On this record, the Supreme Court had insufficient evidence from which to conclude, as a matter of law, that the defendant was a rent-control tenant. Specifically, the defendant contends that two prior orders, issued by the New York City Civil Court in eviction proceedings commenced against

her by a previous landlord, already determined that the subject apartment was rent controlled, and that the plaintiff therefore was barred from relitigating the issue under the doctrine of res judicata. However, because the Civil Court orders in question were not part of the record and were never submitted to the Supreme Court for its consideration, the facts on which they were predicated remain unknown. Hence, the preclusive effect of those orders, if any, cannot be ascertained (*see Matter of Sherwood 34 Assoc. v New York State Div. of Hous. & Community Renewal,* 309 AD2d 529, 532 [2003]).

Accordingly, since this is a declaratory judgment action, we remit the matter for the entry of a judgment, among other things, declaring that, upon this record, it cannot be determined if the apartment in question is subject to rent control. Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.