Judgment, Supreme Court, New York County (Paul Wooten, J.), entered April 16, 2013, which denied the petition seeking, among other things, a writ of mandamus compelling respondents to dismiss an investigation against petitioner, and a writ of prohibition prohibiting respondents and their agents from acting or causing anyone else to act on the basis of any information obtained through the investigation, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 26, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Since petitioner failed to meet her burden of demonstrating a “clear legal right” to the relief sought, neither mandamus nor prohibition is available (see Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]; Matter of Doe v Axelrod, 71 NY2d 484, 490 [1988]). Petitioner argues that respondent Office of Professional Medical Misconduct (OPMC) submitted the investigation against her to an investigation committee more than 90 days after OPMC’s most recent interview of her, in contravention of Public Health Law § 230 (10) (a) (iii) (C). However, contrary to petitioner’s argument, that provision is not strictly mandatory, given that Public Health Law § 230 (10) (j), which provides for a licensee to commence an article 78 proceeding challenging OPMC’s noncompliance with the 90-day limit, requires the licensee to establish that the licensee neither caused the delay nor was prejudiced by the delay, as long as OPMC meets its initial burden to explain its noncompliance (see generally Matter of City of New York v Novello, 65 AD3d 112, 116 [1st Dept 2009], lv denied 14 NY3d 702 [2010] [“(w)ith regard to provisions directing public officials to take action within certain time limits, the general rule is that such limits will be considered directory, absent evidence that such requirements were intended by the Legislature as a limitation on the authority of the body or officer”]). Moreover, mandamus and prohibition are unavailable for the additional reason that Public Health Law § 230 (10) *560 (j) provided an adequate remedy at law (see Matter of Doe, 71 NY2d at 490; Matter of DiBlasio v Novello, 28 AD3d 339, 342 [1st Dept 2006]).
Concur — Tom, J.E, Friedman, ManzanetDaniels, Gische and Clark, JJ.